HILL ET AL. *v.* BRADEN ET UX.

MECHANIC'S LIEN.—*Notice of.*—*Can not be Joint.*—*Must be on a Single Building.*—*Not on Several.*—Mechanics' liens upon buildings are of statutory origin, and the statute authorizing them in this state contemplates only a separate lien upon a *single* building, not a joint lien on several buildings. So, also, the notice thereof, contemplated by such statute, is a notice of the intention to hold a lien on a separate piece of property, only.

Hill *et al. v.* Braden *et ux.*

SAME.—*Building Materials.—Must be Specially Furnished.—For a Particular Building.*—A mechanic's lien for building materials can not be had upon a building for which he did not specially furnish such materials to be used in its construction. Nor can it be had upon one building for materials furnished for and used in another.

SAME.—*Practice.—Motion to Strike out Part of Pleading.*—In an action to enforce a mechanic's lien, the complaint, consisting of but one paragraph, set out a copy of the notice thereof, being a notice of intention to hold a mechanic's lien for materials furnished for and used in the construction of certain buildings, and claiming a lien, for the gross price of the materials furnished for all, on each of several separate buildings, not showing the amount furnished for any one; all of said buildings having been erected by the same contractor for the same owner.

*Held,* that a motion by the defendant owner, to strike out of the complaint such copy of notice and all relating to the enforcement of the lien against such owner was, properly sustained by the court below.

From the Marion Circuit Court.

*E. A. Parker, A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellants.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellees.

PERKINS, J.—Hill and Long, partners in the lumber business, the plaintiffs in this suit, filed in the recorder's office of Marion county, the following notice of intention to hold a lien, viz.:

"INDIANAPOLIS, IND., Sept. 22d, 1873.

"To William Braden and all other persons concerned. You are hereby notified, that E. Van Kuren, whom you employed to erect and construct seven cottages, (more or less,) on lots number four, five, six and seven, Brett, Braden & Co.'s addition to city of Indianapolis, Marion county, State of Indiana, as per plat-book No. 1, page 58, is indebted to us in the sum of fourteen hundred dollars, which is now due and will become due with the maturity of certain promissory notes, given by said Van Kuren, on account of lumber and materials furnished to him at his instance and request, and which was done in the erection and construction of said cottages and upon the out-houses and fencing on said lots,—you being the owner of said

property,—that we intend to hold a lien upon said property for said sum of fourteen hundred dollars, for said lumber and materials so furnished by us as aforesaid, and which was [were] so furnished to said Van Kuren within the last sixty days.                    HILL & LONG."

"Recorded, Sept. 22d, 1873, at 4½ o'clock p. m., in Mortgage Record, No. 55, page 44."

On this notice, the following complaint to enforce a lien was filed in the Marion Circuit Court, viz.:

"The plaintiffs, George W. Hill and David D. Long, partners," etc., "complain of Wm. Braden, Matt. B. Braden, his wife, and Edward Van Kuren, and say that the defendant William Braden, who was and is now the owner of lots number four, five, six and seven, of Brett, Braden & Co.'s addition to the city of Indianapolis, as per plat-book No. 1, page 58, employed the defendant Van Kuren to erect, construct and complete seven cottage houses and out-buildings upon said lots, which are fully shown in their location and position upon said lots, by a plat, filed herewith and made part hereof, marked 'A.' [The plat shows that the cottages are, severally, separate, distinct buildings, each being separated from the other by a space of from four to six feet in width.] "That the contract between the parties was one of entirety for the said seven houses and out-buildings, and for a sum certain, in gross, the particulars of which plaintiffs do not know; that said Van Kuren, by reason of the terms of said contract, furnished all the materials, and performed all the labor, necessary for the construction and completion of said houses and out-buildings, and, in doing so, he purchased certain lumber and building materials of the plaintiffs, for said houses, and used all of the same in said houses, a bill of items of which is," etc.; "all of which was with the knowledge and consent of said Wm. Braden. That said houses are of the same size and dimensions,—as well as the out-buildings, all of which are alike." That notice of lien was filed within sixty days,

for the amount of fourteen hundred dollars; that said notice was duly recorded; that the notes mentioned in the lien notice are all due and unpaid. Wherefore, plaintiffs pray for a personal judgment against Van Kuren, and that their lien be foreclosed against said property, said seven houses, and that they be ordered sold, etc.

The defendants Braden and wife, by their counsel, moved to strike out of the complaint the copy of notice of intention to hold a lien, and the part of the complaint which sought an enforcement of the lien against the property described in it, for the reasons, says the bill of exceptions, that said notice is too vague. " That it professes to give notice of lien on lots four, five, six and seven, without alleging for what amount the lien is taken on each lot, or on each house, or on each house and lot. That said notice does not contain any statement of the material furnished for, and which went into, each house. That said notice professes to take a lien on all said houses and lots, for materials furnished for, and which went into, each house separately."

The court sustained the motion to strike out.

Van Kuren was then defaulted, and final judgment in favor of the plaintiffs against him for sixteen hundred and sixty-two dollars, and against the plaintiffs, in favor of Braden and wife, for costs, was rendered. The plaintiffs appeal to this court.

From what has already been recited, it is manifest that the question intended to be presented to this court, on this appeal, is, can a joint mechanic's lien be taken on several distinct and separate buildings? This is a new question in this court, the construction of our statutes hitherto practised upon having been that it authorized only separate liens. A mechanic's lien on a building, or on buildings, is of statutory origin. By the civil law, and the general maritime law following it, those who build, repair and supply ships have a lien for demands thus arising. Benedict's Admiralty, ed. 1870, p. 160. But for

his lien on buildings on land, to secure his pay for labor and materials, the mechanic must look to the statute. What, then, is the theory, the principle, upon which this mechanics' lien law of Indiana rests?

In *The City of Crawfordsville* v. *Barr*, 45 Ind. 258, Osborn, J., says, "nor does the complaint show that the brick were furnished for that building. The allegation is, that 'this plaintiff furnished to said Alexander & Whitsett one hundred and thirteen thousand brick, which were used in the construction of said building.' The language of the statute is: 'Mechanics, and all persons performing labor, or furnishing materials for the construction or repair of any building,' etc., 'may have a lien,' etc. Where materials are furnished for a building, they are furnished on the credit of the building, and when the statute is complied with, a lien is acquired. But it is necessary to aver and prove that such materials were furnished for the building sought to be charged with the lien. It is not sufficient to aver that the materials were furnished to the contractor or owner, and that they were used in the construction of the building. The demurrer to the complaint should have been sustained."

The complaint in the case at bar would seem to be obnoxious to the same objection, but the point is not made by counsel. According to the opinion quoted, and we think it is correct, the material man has a lien, when he takes the legal steps to acquire it, upon a building, on account of the materials he has furnished for, and to be used in, that building. And it is only on account of such materials that he can have a lien, under the statute. He can have no lien upon a building for which he did not specially furnish materials to be used in it; and he can not have a lien upon one building, for materials furnished for and used in another building. The lien of a material man upon a building attaches to the building, only by virtue of the materials furnished by him for and to be used in that building.

Our mechanics' lien law, by its terms, contemplates only a separate lien on a single building; not a joint lien on several buildings. It says, sec. 647, "Mechanics, * * * furnishing materials * * * for any building, * * * may have a lien separately or jointly upon the building * * *:" and (sec. 650) such lien may be acquired by giving notice of his intention, etc.; and the lien shall relate to the time when the work on said building, etc. 2 R. S. 1876, p. 266.

We may properly observe here, that the word "buildings," where it occurs in the revision of 1852, as published, is a misprint. We have examined the enrolled act, and find the word is there, "building," in the singular. The R. S. 1876 have the act printed correctly.

So far as the lien is given upon the lot or land, it is only as an incident to the lien upon the house on the lot or land, for the materials in the house; the house and lot or land on which it stands, the curtilage, constituting one parcel of real estate. As the mechanics' lien act contemplates only liens on separate pieces of property, so it contemplates only a notice of intention to hold a lien on a separate piece of property, including, of course, its appurtenances.

We copy the section providing for notice: 2 R. S. 1876, p. 268, sec. 650.

"Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of *the building or repairs,* notice of his intention to hold a lien *upon such property* "—[the building, and ground upon which it stands,]—"for the amount of his claim, specifically setting forth the amount claimed; and the recorder shall record the notice, when presented, in a book to be kept for that purpose," [that the public may be informed of the amount of lien claimed on that particular piece of property,] "for which he shall receive twenty-five cents; and the liens so created shall relate to

the time when the work upon *said building or repairs* began, and to the time when the person furnishing materials began to furnish the same, and shall have priority over all liens suffered or created thereafter, except other mechanics' and material men's liens, over which there shall be no such priority."

Now, the notice in the case at bar claims a lien of fourteen hundred dollars on seven separate and distinct houses. It does not show the amount due on any given one, but really makes a claim for a possible lien of fourteen hundred dollars on each of the seven houses; and, when put upon record, would, in legal effect, amount to such an incumbrance, a possible lien for that sum, for lumber not furnished for nor used in the house. This is not in accordance with the statute. The letter of the statute only authorizes liens on separate pieces of property, and the spirit of the statute is with the letter. It is against public policy to thus burden property with indefinite, uncertain incumbrances, embarrassing its sale, and depreciating its market value.

The court did not err in its action upon the motion to strike out the notice of intention to hold a lien.

We have decided this case upon our own statute. But the weight of authority in other states, on similar statutes, supports our decision. *Larkins* v. *Blakeman,* 42 Conn. 292. decided in 1875, and cases cited; *Fitzgerald* v. *Thomas,* 61 Mo. 499; *Fitzpatrick* v. *Thomas,* 61 Mo. 512, decided in 1876, and cases cited; *Morris County Bank* v. *The Rockaway Mf'g Co.,* 1 Green, Ch. 150.

The decision in this case is not intended to go beyond the facts on which it rests, viz.: a case where a joint notice was given for a joint lien on separate, distinct buildings.

There is a class of cases, in which a joint notice and a joint lien upon several houses, have been held valid; but, in most of these cases, the several dwelling-houses were made by interior partitions of what was externally a single, solid block, under one roof, with no open spaces of

ground between the houses. In such cases, one notice and an entire lien are sustained on the block, where it has a single owner, on the ground that the block is really but one building. *Moran* v. *Chase*, 52 N. Y. 346; *James* v. *Hambleton*, 42 Ill. 308. These cases maintain the principle on which we decide this case. But we here express no opinion as to the correctness of the application of the principle.

The judgment below is affirmed, with costs.