TALBOTT v. GODDARD ET AL.

MECHANICS' LIEN.—*Material Man.—Pleading.—Evidence.*—To establish and foreclose a lien upon a building, for the value of materials used in the construction thereof, the material man must aver and prove, in addition to averment and proof of the notice required by the statute, that such materials were furnished by him expressly for such building.

SAME.—It is not sufficient in such case, that the material man, in furnishing materials for the construction of several different buildings, on a general account with the contractor, has kept an itemized statement of the different materials used in each of said buildings, as the same were distributed by the direction of the contractor or owner.

From the Marion Superior Court.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

*A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellees.

BIDDLE, J.—Samuel Goddard, Samuel Goddard, Jr., and Thomas Goddard, partners under the name and style of Goddard & Sons, brought this complaint against Charles H. Talbott, Edward Van Kuren, Henry Helm, Conrad Russe, Victor Plogsterth, George W. Hill and David D. Long, to foreclose a mechanic's lien against property owned by Charles H. Talbott. George W. Hill and David D. Long, partners under the style of Hill & Long, brought their cross-complaint, in the same proceedings, against Talbott, Van Kuren, Helm, Russe and Plogsterth, their codefendants, to foreclose a mechanic's lien upon the same property. The pleadings need not be stated, as no question arises upon them. The names of the parties, and the respective demands they claim, will sufficiently appear in the following special findings by the court:

"1st. That on and prior to the 1st day of July, 1873, the defendant Charles H. Talbott was the owner of the following real estate, in Marion county, in the State of Indiana, to wit: Lot number six, and six feet and three

inches off of the south side of lot number five, in A. L. Roache's Addition to the City of Indianapolis, as described in the complaint of the plaintiff and the cross-complaint of Hill & Long.

"2d. That on or about the 1st day of July, 1873, the said Charles H. Talbott, being then the owner of said real estate, entered into a contract with the defendant Van Kuren, to construct a new, two-story, brick dwelling-house, and stable, on said real estate, the said Van Kuren agreeing to furnish all the materials, and construct said house, for a certain price agreed upon between the said Talbott and the said Van Kuren, to be paid by the said Talbott, to the said Van Kuren, as the work on said house and stable progressed.

"3d. That the plaintiffs furnished stone materials, that were used in the construction of said dwelling-house, of the value of three hundred and sixteen dollars and four cents; said stone was furnished at the request, and on the order, of said Van Kuren, the contractor with said Talbott, and used in the said dwelling-house; and the said plaintiffs, before the expiration of sixty days after the completion of said house, to wit, before said house was completed, filed their notice of intention to hold a lien, for the value of said materials, on said real estate, and on the house erected thereon, in the recorder's office of Marion county, and caused the same to be recorded, in all things as alleged in the complaint.

"4th. That the plaintiffs have not been paid for said materials, so used in said house, or for any part thereof; and said Talbott has fully paid the said Van Kuren, for all of the work done, and for said materials furnished and used in the construction of said house, in all things according to the terms of the contract between the said Talbott and Van Kuren, and that such payment was made by said Talbott, to said Van Kuren, before the notice of the plaintiffs was filed in the recorder's office, as before stated.

" 5th. That the cross-complainants, Hill & Long, furnished lumber and materials, as set out in their complaint, which were used in the construction of said dwelling-house and stable on the defendant Talbott's real estate. That they commenced furnishing said lumber and materials on the 2d day of July, 1873, and the last of said lumber and materials were furnished on the 17th day of September, 1873, and that they filed their notice of lien in the recorder's office of Marion county, within sixty days after said materials were furnished and before the completion of said dwelling-house and stable, or either of them, and caused said notice to be duly recorded, on the 8th day of November, 1873, as alleged in the cross-complaint of the plaintiff; and that said lumber and materials, so furnished by the cross-complainants, Hill & Long, and [were ?] of the reasonable value of nine hundred and seventy-four dollars and thirteen cents.

" 6th. That said Van Kuren is a carpenter and builder, and was, at the time he was engaged in constructing the said dwelling-house and stable of the defendant, engaged in constructing twelve other and different buildings, for other and different parties, in said city of Indianapolis, under contracts with said parties to construct said buildings and furnish all the materials therefor; and at the time of the making of the contract with the defendant Talbott, the said Van Kuren was indebted to the said cross-complainants, Hill & Long, on general account, for lumber and materials, in the sum of three thousand dollars. That during the progress of the work upon the defendant Talbott's house, and during the time the cross-complainants were furnishing the lumber in their complaint mentioned, they were furnishing other lumber and materials for the other and different buildings so being erected by said Van Kuren; that all of the lumber, so furnished by the cross-complainants and used in the defendant Talbott's dwelling-house and stable, together with the lumber furnished for the other buildings being erected at the same time by the

said Van Kuren, was furnished on the order of said Van Kuren, and charged in a general account, kept by said Hill & Long, against the said Van Kuren; the said Hill & Long keeping a memorandum account of the different houses and places where said lumber was delivered, as ordered by said Van Kuren, said Van Kuren having directed [in] each instance the building for which the same was to be furnished.

"7th. On the 1st day of July, 1873, the said Hill & Long had a settlement of their general account, and Van Kuren, being indebted to said Hill & Long, in about the sum of three thousand dollars, made his three several notes to said Hill & Long for about the sum of one thousand dollars, payable, respectively, in forty-five, sixty and seventy-five days, each. No lumber furnished and used in the defendant Talbott's house was included in the amount of said notes. On the 1st day of August, 1873, the said Hill & Long and the said Van Kuren had another settlement, and the said Van Kuren was at that time indebted to the said Hill & Long, in the further sum of twenty-eight hundred dollars, for which the said Van Kuren executed his note or notes, payable to the said Hill & Long, and the value of the lumber furnished to the said Van Kuren, and used in the construction of the house of the defendant Talbott, during the month of July, was included in said note or notes, so made on the 1st day of August, 1873. The said notes so made, both on the 1st day of July and on the 1st day of August, 1873, were payable in a bank in the State of Indiana, and were by said Hill & Long endorsed and negotiated.

"8th. That on the 6th day of July, 1873, the defendant Talbott paid the said Van Kuren the sum of six hundred dollars, and on the 13th day of July the further sum of six hundred dollars, and on the 19th day of July, the further sum of three hundred dollars, and on the 26th day of July, the further sum of two hundred dollars, and on the 2d day of August, the further sum of three hundred and

fifty dollars, and on the 9th day of August, the further sum of six hundred dollars, and on the 16th day of August, the further sum of nine hundred dollars, and on the 23d day of August, the further sum of eight hundred dollars, making a total of four thousand three hundred and fifty dollars. That the amount so paid by Talbott, to Van Kuren, was the full, reasonable value of all the work done, and materials furnished by said Van Kuren; and said Van Kuren abandoned the work under his contract, and failed to complete said dwelling-house and stable, but not until all said materials had been furnished as aforesaid.

"9th. That on the 6th day of July, Van Kuren paid at the bank, on one of the notes before that time given by Hill & Long, the sum of eight hundred dollars, and on the 24th day of July, he paid at the bank, on said notes, the further sum of eleven hundred dollars, and afterwards, and prior to the 20th day of September, he paid Hill & Long, on said notes, a further sum of fifteen hundred dollars. That the said payments were made on notes transferred and held by the bank, as before stated, and neither Hill & Long nor the bank had any knowledge from whom the money was received by Van Kuren. That a part of the money was procured from Talbott, but how much is not disclosed by the evidence, and the said payments were applied to the extinguishment of the indebtedness of Van Kuren to Hill & Long, which had accrued before they commenced furnishing any lumber to be used in constructing the house of Talbott.

"10th. The residue arising on said notes, after allowing credits for the payments aforesaid, has [not] been paid by said Van Kuren, and that said Hill and Long, before the commencement of this suit, were compelled, as endorsers, to take up said notes, and pay the balance owing on the same to said bank by which they have been discounted.

"11th. As conclusions of law, arising on the foregoing facts, the court finds, that the plaintiffs, Samuel Goddard,

Samuel Goddard, Jr., and Thomas Goddard, are entitled to have and receive, of defendant Talbott, the sum of three hundred and sixteen dollars and four cents, and that they have and hold a lien upon the real estate described in their complaint, and the buildings thereon, to secure the payment of said sum of money, and that they are entitled to a decree for the enforcement and foreclosure of said lien.

"12th. As further conclusion of law, arising on the foregoing facts, the court finds that the cross-complainants, Hill & Long, are entitled to have and receive, of the defendant Talbott, the sum of nine hundred and seventy-four dollars and thirteen cents, and that they have and hold a lien upon the real estate and the buildings thereon, described in their cross-complaint and set out in the findings herein, to secure the payment of said sum of money, and that they are entitled to a decree for the foreclosure and enforcement of said lien."

The appellant excepted to each and all of the conclusions of law, as found by the court. The court rendered judgment in accordance with the findings of facts and conclusions of law, above stated, and the appellant appealed to the court in general term, wherein the judgment at special term was in all things affirmed. From the general term he appealed to this court.

It is contended by the appellant that the facts, as found by the court, do not show that the materials furnished by the claimants were furnished for the particular building against which the lien is sought to be established; that it is not sufficient to show that the materials were furnished and used in the building, but that it must appear that they were furnished for the building, and with the view of securing a lien thereon.

This point was directly presented to this court in the case of *The City of Crawfordsville* v. *Barr*, 45 Ind. 258, wherein it was held, Osborn, J., delivering the opinion of the court, that, "Where materials are furnished for a building, they are furnished on the credit of the building,

and when the statute is complied with, a lien is acquired. But it is necessary to aver and prove that such materials were furnished for the building sought to be charged with the lien. It is not sufficient to aver that the materials were furnished to the contractor or owner, and that they were used in the construction of the building." The same ruling was adhered to in the case of *The City of Crawfordsville* v. *Johnson*, 51 Ind. 397. See, also, *Ogg* v. *Tate*, 52 Ind. 159. And the same question was fully considered in the case of *Crawford* v. *Crockett, ante.*, p. 220, and carefully reconsidered on a motion for rehearing, and deliberately settled in accordance with the above decisions.

The case of *Barker* v. *Buell*, 35 Ind. 297, in a single sentence spoken by the court, but not in reference to the questions involved in this case, might seem to favor the appellees; but the main point contested in that case was the sufficiency of the notice to the defendant. It does not support the appellees, and is not in serious conflict with the subsequent decisions of the question before us. *Colter* v. *Frese*, 45 Ind. 96, also cited by the appellees, supports our ruling in the present case. It was therein held, that "those performing labor on, or furnishing materials for, the building are entitled to a lien, as provided for." Nor does this case support the views of the appellees in any respect.

The following authorities, from sister States, are in full harmony with the decisions of this court upon the same question. *Cotes* v. *Shorey*, 8 Iowa, 416; *Chapin* v. *The Persse and Brooks Paper Works*, 30 Conn. 461; *Hill* v. *Bishop*, 25 Ill. 349; *Beckel* v. *Petticrew*, 6 Ohio State, 247; *Esslinger* v. *Huebner*, 22 Wis. 632; *Gorgas* v. *Douglas*, 6 S. & R. 512.

We must hold the law as settled in this State, that to entitle a material man to a lien upon any building, he must show that the materials were furnished for the particular building upon which he seeks to obtain a lien. It

is not sufficient that he has furnished materials which have been used in the building; he must show that they were furnished for that particular building. If merely furnishing the material, which was afterwards used in a building, was sufficient to establish a lien upon it, every lumberman, who cuts his tree in the forest, or quarryman, who digs his rock from the earth, or brickmaker, who sells his brickkiln, by tracing his material into any building wherein it might happen to have been used, could establish a lien upon it, although he never had any knowledge of the contractor, the building, or its owner, and although the materials might have passed through the hands of many dealers, before it was ultimately used. Such a rule would very much embarrass real estate, and render clear titles very difficult to establish. Indeed, under such a law, no one could be sure that he was the sole proprietor of his own house.

The question remains to be examined, whether the facts found in the case before us bring the rights of the parties within this rule of law. As to Goddard & Sons, the facts show that they furnished materials to the builder, which were used in the construction of the appellant's building, but they do not show that they were furnished for that particular building. In our opinion, they have not established their lien. With reference to Hill & Long, the facts also show that they furnished materials to the builder, which were used in the construction of the appellant's house; and show that the same builder, at the same time, was engaged in the erection of twelve other different buildings, for other parties, in the same city, for which Hill & Long were also furnishing materials; that the materials for the several buildings were delivered to the builder, on a general account; that Hill & Long kept a memorandum account of the different houses where said materials were delivered, as ordered by the builder in each instance. As the materials were all delivered to the builder, on a general account between him and the furnishers, it does not appear

to us that any particular part of them were designated for any one particular house of the thirteen which the builder was then erecting, and for which the claimants were furnishing materials—more than they were designated for any other of the thirteen houses, only as they happened to be distributed around amongst them, according to the directions of the builder. At least, the facts found do not clearly show that Hill & Long furnished materials particularly for the erection of the appellant's house, but, merely, that they furnished materials, generally, to the builder, for several houses, who used a part of them in the erection of the appellant's house; and as the affirmative must be shown by them, we think they have failed to establish their lien. Indeed, the finding does not anywhere show that the materials furnished by Hill & Long, which went into the appellant's building, were the same materials upon which the balance due them was founded, nor how much of the general materials went into the buildings of the appellant.

No error having been assigned against the judgment of the Goddards, the judgment as to Hill & Long is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled at the May Term, 1877.