Hill *et al. v.* Sloan *et al.*

———————◆———————

## HILL ET AL. *v.* SLOAN ET AL.

PRACTICE.—*Special Finding.—Exception.*—Where a party excepts to the conclusions of law drawn by the court from its special findings, he admits that the facts are correctly found.

MECHANIC'S LIEN.—*Material Man.—Pleading.*—To entitle a material man to a lien on a building for materials furnished, he must show that the materials were furnished for the particular building upon which he seeks to obtain a lien.

SAME.— *Negotiable Promissory Note.— Presumption.—Payment.*—Where a builder executes to the material man a promissory note payable in bank, for a balance due for materials purchased, such note will operate as a *prima facie* payment of the account.

From the Marion Superior Court.

*E. A. Parker,* for appellants.

*B. Harrison, C. C. Hines, W. H. H. Miller* and *T. H. Bowles,* for appellees.

NIBLACK, J.—The Builders and Manufacturers' Association commenced a proceeding in the court below, against George W. Sloan and Edward Van Kuren, to enforce a lien on a house and two lots in the city of Indianapolis, for materials furnished for the erection of said house and certain appurtenances on said lots, during the Summer of 1873, averring, that the said Sloan was the owner of said lots and house, and that the said Van Kuren was the contractor for the erection of said house, to whom, as such contractor, such materials were delivered.

The appellants, George W. Hill and David D. Long, were, on their own motion, admitted as defendants to the proceeding, and filed a counter-claim, alleging a lien also on said lots and house, junior to the claim of the plaintiffs, for materials likewise furnished in the erection of said house and appurtenances, and also delivered to the said Van Kuren as contractor, as above stated.

Sloan filed substantially the same answer, in three paragraphs, to both the complaint and the counter-claim:

1.   In general denial;

2.   Payment; and,

3.   That the materials were sold to Van Kuren, and paid for by him before the commencement of the action.

Replies were respectively filed to the second and third paragraphs of both answers, in general denial, and the cause was submitted to the court for trial at special term.

Van Kuren made no defence to the action, and no de-

fault seems to have been taken or judgment rendered against him.

At the request of both parties, the court made a special finding of the facts, which was, in substance, as. follows:

1. That, about May 1st, 1873, the defendant Sloan employed the defendant Van Kuren, who was a carpenter and builder, to enlarge a house of the former, situate on the ground in the complaint described, by adding a second story thereto, and to repair and remodel the original house; that no price was agreed upon, but Van Kuren proceeded to do the work, furnishing the materials therefor, as he had agreed with Sloan to do, and finishing the job on or about the 15th day of August, 1873.

2. That Van Kuren purchased on his own account, of the Builders and Manufacturers' Association, lumber and prepared materials for Sloan's house, which were used therein, to the value of $205.23; that he also purchased of the defendants Hill & Long like lumber and materials, to the value of $629.11, which were also used in the work on Sloan's house.

3. That, while Van Kuren was at work on Sloan's house, he was also engaged in building about twelve other houses in the city of Indianapolis for other parties, for all of which other houses he also furnished the materials.

4. That, while said several buildings were in process of construction, Van Kuren had a running account, both with the plaintiffs and with the defendants Hill & Long, for materials furnished him for any and all the buildings he was constructing, but no separate account for materials furnished the respective buildings; that, in a few instances, the books of the plaintiffs show that materials charged at certain dates were furnished for Sloan's house, but in most cases there is nothing in said books to indicate the buliding for which materials were furnished; that, where entries were made indicating the destination of certain materials, they were made on the statements of Van Kuren; that, in cases where material was ordered

by Van Kuren of Hill & Long, he stated what building he wanted it for, either in written or verbal orders, and such items in the general account as were ordered for Sloan's house were stated, on the books of Hill & Long, to have been ordered for that house; that after Sloan's house had been completed, and after Van Kuren had been paid for all the work done on and materials furnished for the same, he, Van Kuren, at the request of the plaintiffs, went over his account on their books and identified items of materials furnished for Sloan's said house; that this was done to enable the plaintiffs to prepare a notice of intention to hold a lien on said house for the material so furnished by Van Kuren.

5.   That the whole amount of building material purchased by Van Kuren of the plaintiffs, from May 1st, 1873, to July 1st, 1873, was $2,815, of which $1,082 had been paid before July 1st, 1873, and the residue has not yet been paid.

6.   That on the 1st day of May, 1873, Van Kuren was indebted to Hill & Long about $3,000 for building material furnished prior to that time, all of which he paid from the proceeds of his building contracts performed subsequently to that date, and Hill & Long knew when they received said money of Van Kuren, that he had no other means of getting money except in payment for the houses he was then working on or building; that the accounts of Van Kuren with Hill & Long were settled on the 1st day of each month, and whatever balance was due at settlement day, on account, was settled by Van Kuren giving his negotiable notes to Hill & Long, payable in bank, running in time from thirty to ninety days; that on the 1st day of July, 1873, Van Kuren gave three notes to Hill & Long for $1,000 each, payable respectively August 14th, August 30th, and September 14th, 1873; that of this sum $1,500 only has been paid; that on the 1st day of August, 1873, Van Kuren executed to Hill & Long two other notes of $1,000 each, and one

other note for $834.65, for balance of account due at that date; that these three last named notes, so far as they remain unpaid, are the same notes mentioned in Hill & Long's notice of lien filed with their counter-claim; that, on the giving of said notes, Hill & Long receipted the account of Van Kuren to date, as follows: "Credit by bills receivable," stating amount.

7.   That all the notes so executed by Van Kuren were made payable to the order of Hill & Long, at Fletcher & Sharpe's bank, a bank of discount and deposit, doing business in the city of Indianapolis, and that all of said notes were endorsed and discounted to said bank by Hill & Long before maturity, for which reason Hill & Long did not own any of said notes at the time they filed their notice of intention to hold a lien on Sloan's house and lots, but that after said lien was filed in the recorder's office, and before the commencement of this suit, Hill & Long, being liable on their endorsements, took up said notes, giving their own negotiable notes instead thereof; that therefore, at the time this suit was brought, Hill & Long were, as they still are, the owners of the notes so given to them by Van Kuren.

8.   That on the 29th day of September, 1873, the plaintiffs and the defendants Hill & Long both filed, in the recorder's office of Marion county, notices of their intention to hold liens on Sloan's house and lots for the materials respectively furnished by them in the repair and reconstruction of said house, which was within sixty days after the completion of the work on said house.

9.   That both said notices of intentions to hold liens as above stated were recorded on said 29th day of September, 1873, in the proper record of said recorder's office, in the usual manner of recording such instruments.

10.   That Sloan fully paid Van Kuren for all the work done and materials furnished by him in the repair and improvements upon his, the said Sloan's, house, before the filing of said notices of intention to hold liens, and with-

out any notice or knowledge that Van Kuren was indebted either to the plaintiffs, or to the defendants Hill & Long, on account of materials furnished for said house.

11. That the lots, on which Sloan's house, with the appurtenances, is situated, are correctly described in the notices of intention to hold liens, above referred to.

Upon the foregoing facts, the court announced certain conclusions of law which may be briefly stated, as follows:

1. That the plaintiffs have no valid claim against the said house and lots of the defendant Sloan, and are not entitled to enforce their supposed lien against the same.

2. That the defendants Hill & Long also have no valid claim against the said property of the said defendant Sloan, and are consequently not entitled to enforce their supposed claim against the same.

3. That the defendant Sloan is entitled to a judgment for his costs herein incurred.

The defendants Hill & Long excepted to the foregoing conclusions of law, and thereupon judgment, in favor of the defendant Sloan, was rendered against them and the plaintiffs for costs.

Hill & Long appealed to the general term of the court below, assigning for error the conclusions of law above stated, but the judgment was affirmed in general term.

The said Hill & Long have still further appealed to this court, assigning for error here the action of the general term in affirming the judgment.

The exceptions in this case being only to the conclusions of law drawn by the court from the special finding, we must assume that the facts were fully and correctly found by the court. *Cruzan* v. *Smith,* 41 Ind. 288; *Dehority* v. *Nelson,* 56 Ind. 414.

We regard the law as now well settled in this State, that, to entitle a material man to a lien on a building, he must show that the materials were furnished for the particular building upon which he seeks to obtain a lien. It

is not enough that he has furnished materials which have been used in the building; he must show that they were furnished for that particular building. *The City of Crawfordsville* v. *Barr*, 45 Ind. 258; *The City of Crawfordsville* v. *Johnson*, 51 Ind. 397; *Ogg* v. *Tate*, 52 Ind. 159; *Talbott* v. *Goddard*, 55 Ind. 496; *The City of Crawfordsville* v. *Brundage*, 57 Ind. 262.

It is shown by the special finding, that, when materials were ordered by Van Kuren of the appellants, he stated what building he wanted them for, either in written or verbal orders, and that such items in the general account as were ordered for Sloan's house were stated in the appellants' books to have been ordered for that house, but that Van Kuren had only a running account with the appellants for materials furnished him for all the houses he was at the time constructing, and no separate account for such materials for the respective buildings.

While it is further shown, that Van Kuren purchased of the appellants lumber and prepared materials, to the value of $629.11, which were used in the work on Sloan's house, we think it was not made sufficiently to appear that the materials ordered by Van Kuren for that house constituted the identical lumber and materials used by him in his work upon it, or that any separate material was furnished for that particular building by the appellants under circumstances which entitle them to a lien upon it.

The gross amounts due for materials furnished for all the houses were settled for at stated times by Van Kuren, and partial payments were made by him from time to time on those gross amounts without indicating the application of such payments to any particular items of material. For what he was unable to pay he gave his negotiable notes, governed by the law merchant, and those notes operated as a *prima facie* payment of the residue of the accounts for which they were given. 2 Greenl. Ev.,

sec. 520; *Maxwell* v. *Day*, 45 Ind. 509; *Alford* v. *Baker*, 53 Ind. 279.

From the facts found by the court, we must presume, that the materials sued for by the appellants were paid for by Van Kuren before the commencement of this action.

On full consideration of the whole case, we are of the opinion, that the court below in general term did not err in affirming the judgment at special term.

The judgment is affirmed, at the costs of the appellants.