Lawton *v.* Case *et al.*

---

No. 7593.

## LAWTON *v.* CASE ET AL.

MECHANIC'S LIEN.—*Material-Man.*—*Pleading.*—*Ownership of Real Estate.*—In an action to enforce a mechanic's lien for materials used in the construction of a building, furnished by a material-man to a contractor, and not to the owner, the complaint must aver that the defendant was the owner of, or asserting some interest in, the real estate against which the lien is sought to be enforced, and must show that such materials were furnished specially for such building.

Lawton *v.* Case *et al.*

SAME.—*Notice, Time of Filing.—Complaint.*—A complaint by a material-man, to enforce such lien, must show that the notice thereof was filed within sixty days from the time the materials were furnished. The allegation, that such notice was filed within sixty days after the completion of the building, is insufficient.

SAME.—*Practice.—Personal Liability.—Defects in Lien, how Reached.—Motion to Strike Out.—Demurrer.*—Where there is a personal liability shown against the defendant, the lien being auxiliary to such liability, the validity of the lien may be tested by a motion to strike out so much of the complaint as refers thereto; but, where there is no personal liability shown, the right of action depending solely upon the validity of the lien, the sufficiency of the complaint may be tested by a demurrer thereto.

SAME.—*Personal Judgment.*—No personal judgment can be taken upon the foreclosure of a mechanic's lien, where the owner is sued by a sub-contractor, unless he has properly served upon such owner the notice required in section 649, 2 R. S. 1876, p. 267.

SAME.—*Allegations of Complaint.—Sub-Contractor.*—A complaint by a sub-contractor to enforce a mechanic's lien, and seeking a personal judgment against the owner of the building, for a debt created by the contractor, must show ownership, the service of the notice provided for in section 649, *supra,* and that, when served, the owner was indebted to the contractor.

From the Grant Circuit Court.

*J. L. Custer,* for appellant.

*R. W. Bailey* and *A. Diltz,* for appellees.

ELLIOTT, J.—The appellees instituted this action to foreclose a mechanic's lien, and succeeded in obtaining judgment.

The complaint is in two paragraphs, to each of which demurrers were overruled.

The first paragraph was clearly bad, because it does not allege that the appellant was the owner or claimant of the real estate upon which the appellees seek to enforce a lien. The materials, for which the lien was filed, were furnished to a contractor, and not to the appellant. The only inference that can reasonably be drawn from the allegations of the pleading is, that Hill, the contractor, and not the appellant,

was the owner of the real estate. The appellees could se-cure a cause of action against the appellant only by showing that he was the owner of, or claimant asserting some inter-est in, the real estate, for they could have had no claim upon him except on the ground that he owned, or claimed to be the owner of, the property for which the materials were furnished. There are other defects in this paragraph, but we deem it unnecessary to now consider them.

The second paragraph alleges that the appellant contracted with one Hill for the erection of a house on real estate owned by the former; that, during the year 1877, appellees furnished the contractor with materials to be used in said house; that they were so used, and that the appellees, within sixty days from the completion of the house, filed notice of their intention to hold a lien. We have given only an out-line of the paragraph, but one sufficiently full to exhibit the force of the objections urged against it.

The first point made by the appellant is, that this para-graph of the complaint does not show that the materials were furnished upon the credit of appellant's property. The law unquestionably is, that the complaint must show that the materials were furnished for the building. *Hill* v. *Sloan*, 59 Ind. 181; *City of Crawfordsville* v. *Lockhart*, 58 Ind. 477. The complaint is not very direct or specific on this point, but we think enough is shown to make it good against this objection.

The second objection which appellant urges against this paragraph is, that it does not show that the notice was filed within sixty days after the materials were furnished. The allegation in the body of the pleading, and the recital in the notice of lien, which is set out as an exhibit, show that the notice was filed within sixty days after the completion of the building, but it does not appear that it was filed within sixty days from the time the appellees furnished the mate-

rials. It was held in *Hamilton* v. *Naylor*, 72 Ind. 171, that the complaint must show that the notice was filed within sixty days from the time the materials were furnished. That case received a second and careful consideration upon full argument, on petition for a rehearing, and must be regarded as decisively settling the law upon this point. Upon the authority of that case, the paragraph under examination must be held bad. . WOODS, J., dissents.

Some confusion seems to have arisen upon a question of practice. It is said that a demurrer will not lie, but that the remedy is by motion to strike out so much of the complaint as refers to the lien. There are two distinct classes of cases, and the confusion has arisen from confounding them. Where there is a personal liability shown, and the lien is auxiliary or collateral to such liability, then the remedy is by motion, and not by demurrer. The second class is where there is no personal liability, and the entire right of action depends upon the validity of the lien. The case in hand is a type of the latter class. Here there is no personal liability, and there can be no right of action unless there is shown to be an existing valid lien. In such a case, demurrer is the appropriate mode of presenting the question of the sufficiency of the complaint.

The appellant insists that the court did wrong in rendering a personal judgment against him, and that the relief of the appellees should be confined to the specific property covered by the lien. It is plainly the law, that no personal judgment can be taken upon a mechanic's lien, where the owner is sued by a sub-contractor, unless the notice provided for in section 649 of the statute is properly served upon the owner. Phillips on Mechanics' Liens, secs. 447, 449; *Crawford* v. *Crockett*, 55 Ind. 220.

There is an attempt, in the first paragraph of the complaint, to state a cause of action warranting a personal judgment, but the paragraph fails utterly to do so. We have

already noted the fact that the paragraph is bad, because it does not allege that the appellant was the owner of the real estate upon which the house was erected, and to this defect we may now add (as we are considering the pleading from a different point of view) two other very material ones. The two defects to which we refer are the insufficiency of the notice served upon the appellant, and the failure to aver that there was any indebtedness from him to his contractor, Hill. A complaint which seeks to hold an owner for a debt created by the contractor must show ownership, the service of a sufficient written notice, and that, when the notice was served, the owner was indebted to the contractor.

Where the complaint only seeks to subject the property to the lien, and asks no personal judgment, then, of course, it need not aver the existence of an indebtedness from the owner to the contractor, nor the service of notice as provided in section 649. The first paragraph of the complaint under mention is so framed as to attempt to create a personal liability, and establish a right to a foreclosure of the lien against the property. It is bad as a complaint for personal judgment, as well as for the foreclosure of a materialman's lien. The pleader, instead of showing a cause of action for both a personal judgment and a foreclosure, has failed to show a right to either.

Judgment reversed, at costs of the appellees.