Filed March 15, 1894.

---

No. 1,006.

## JONES *v.* HALL ET AL.

SPECIAL FINDING.—*Request for.*—*When Sufficiently Appears.*—A special finding must appear to have been requested by one or both the parties, in order that it may be regarded as, and have the legal effect of, a special finding. And where it appears from the finding that "The court, having been requested to find the facts specially, makes the following finding of facts in this cause and conclusions of law thereon," it sufficiently appears that the findings were requested by one or both of the parties to the action.

MECHANIC'S LIEN.—*Special Finding.*—*Sale of Material for a Specific Purpose.*—*Recovery.*—Where the special findings in a mechanic's lien case simply show that the materials were purchased for, and used in, the building, it does not necessarily follow that they were sold to be used for that purpose, and without a finding of such a sale, there can be no recovery.

Opinion on petition for rehearing by GAVIN, J.

From the Howard Circuit Court.

*J. C. Blacklidge*, *C. C. Shirley* and *B. C. Moon*, for appellant.

*J. F. Elliott* and *W. C. Overton*, for appellees.

GAVIN, J.—Hall, the appellee, brought suit to foreclose a mechanic's lien against the property of appellant, for material furnished to a contractor for use in building

his house. There was a trial by the court, and special finding of the facts, with conclusions of law thereon, and exceptions to such conclusions by appellant.

Appellee contends that there is no proper special finding, because it does not appear to have been requested by either of the parties, citing *Sheets* v. *Bray,* 125 Ind. 33, and numerous other cases.

That the special finding must appear to have been requested by one or both the parties, in order that it may be regarded as, and have the legal effect of, a special finding, is undoubtedly true. R. S. 1881, section 551.

From the finding we learn that, "The court, having been requested to find the facts specially, makes the following finding of facts in this cause and conclusions of law thereon."

The special findings are properly signed, duly filed and entered of record.

From this statement, we are of opinion that it fairly and sufficiently appears that the special findings were requested by one or both the parties to the cause. It was the parties alone who had any right to make such a request and control the action of the court. We can not presume that the court was controlled in its conduct by the request of some interloper.

The reasoning and language of Judge ELLIOTT in *Trentman* v. *Eldridge,* 98 Ind. 525, are applicable to this case, although not there used with reference to such an objection as is here made.

We think, however, that the language used fits this case as well: "Such a statement shows the request, and where there is a duly authenticated finding in the record, the reasonable presumption is that the request was a proper one, and that it was seasonably made."

Unless made by one of the parties, the request would not be a proper one.

Counsel have not cited, nor have we been able to find, any case wherein our Supreme Court has directly decided the question under consideration. In the absence of any express decision to that effect, we do not feel disposed to extend the cases relied on by counsel beyond the facts on which they are based.

From the facts found, it appears that appellant contracted with one McFann to furnish the materials for, and build him, a house; and "That McFann purchased material from the plaintiff, Joseph R. Hall, to be used, and the same was used, in the erection and construction of such dwelling."

Counsel for appellant insist that this finding does not bring appellee within the statute which gives material men a lien for materials "furnished for" any building.

A long line of decisions of our Supreme Court have established the proposition that to enable a material man to maintain a lien he must furnish the material for the purpose of being used in the building.

In *Hill* v. *Braden,* 54 Ind. 72, it is said: "According to the opinion quoted, and we think it is correct, the material man has a lien, when he takes the legal steps to acquire it, upon a building, on account of materials he has furnished for, and to be used in, that building. And it is only on account of such materials that he can have a lien, under the statute. He can have no lien upon a building for which he did not specially furnish materials to be used in it."

It is not enough that the materials were purchased by the contractor, and actually used in the building. It is necessary that they should have been furnished for the building. The question is not an open one, but has been adjudicated, and the adjudication acquiesced in for many years. *City of Crawfordsville* v. *Barr,* 45 Ind. 258; *Hill* v. *Braden, supra; Hill* v. *Ryan,* 54 Ind. 118; *Craw-*

*ford* v. *Crockett*, 55 Ind. 220; *Talbott* v. *Goddard*, 55 Ind. 496; *City of Crawfordsville* v. *Brundage*, 57 Ind. 262; *City of Crawfordsville* v. *Lockhart*, 58 Ind. 477; *Hill* v. *Sloan*, 59 Ind. 181; *Lawton* v. *Case*, 73 Ind. 60.

Counsel for appellee recognize the existence of the rule, but endeavor to escape its force, as applied to the facts found in this case, by a reliance upon the case of *Neeley* v. *Searight*, 113 Ind. 316.

We are unable to so construe the holding in that case as to aid appellee in this.

The court there held that: "Taking these averments altogether, and the inference necessarily arises that the materials were furnished for, and used in, the erection of the dwelling."

The findings here simply show that the materials were purchased for, and used in, the building.

Because goods are purchased and used for a certain purpose, it by no means follows that they were sold to be used for that purpose. If a man purchases morphine to commit suicide or murder, and uses it for that purpose, it by no means follows that the druggist sold it to be used for that purpose.

We are forced to the conclusion that the finding is fatally defective in this essential feature.

In order to sustain the conclusions of law, every fact essential to a recovery must appear. *Sweetzer* v. *Snodgrass*, 7 Ind. App. 609, 34 N. E. Rep. 842; *Town of Freedom* v. *Norris*, 128 Ind. 377; *Kehr* v. *Hall*, 117 Ind. 405.

Some other questions are presented by appellant's counsel, but as they may not arise upon another trial in the form in which they are now presented, we do not deem it necessary to pass upon them.

Under the circumstances of this case, as disclosed by the record, it is our opinion that the ends of justice will be best subserved by remanding the cause, with instruc-

tions to grant a new trial. The judgment is, therefore, reversed with that instruction.

## ON PETITION FOR A REHEARING.

GAVIN, J.—Appellant asks that the court determine the sufficiency of his second paragraph of answer.

An essential averment in that answer was that appellant had paid either to McFann or Hall all that was due on the house. The special finding expressly declares this averment to be unfounded in fact. The answer being thus shown to be without support, we deemed it unnecessary to determine its sufficiency, and now see no reason to change our views upon that proposition.

Petition overruled.

