Filed March 12, 1896.

---

No. 1,991.

## MANOR ET AL. *v.* HEFFNER ET AL.

PLEADING.—*Complaint.*—*Mechanic's Lien.*—A complaint to foreclose a mechanic's lien, which avers that the defendants purchased of the plaintiffs " certain building materials [naming them], ' which were delivered at the "building for the purpose of being used in the erection and construction of the same, and were used in the construction of said building," sufficiently shows that the materials were furnished for defendants' buildings.

MECHANIC'S LIEN.—*Special Finding.*—*Judgment.*—A finding of facts in an action to foreclose a material-man's lien, as to material fur- nished under a general contract for a number of buildings, which shows the amount of material furnished for each building, and that payments had been made which should be applied in the proportion of $64.22 to each house, is sufficient to sustain a judg- ment in foreclosure for the amount due on each building.

From the Delaware Circuit Court.

*J. W. Ryan* and *W. A. Thompson,* for appellants.

*J. N. Templer* and *E. R. Templer,* for appellees.

ROSS, J.—The appellants, David J. Manor, John D. Krohn and William H. Maitland, as the owners of certain lots in the town of Albany, Delaware county, Indiana, entered into a contract with the appellants, Nicholas Jensen and Harry Huckle, contractors, to furnish the materials and build for them, on said lots, a number of dwelling houses, for which they agreed to pay said contractors a stipulated sum. The contract was afterward modified, reducing the number of houses to be built and lessening the contract price therefor. The number of houses built was sixteen, and the price to be paid therefor was $6,945.70. The appellants Jensen and Huckle purchased from the appellees Ezra P. Hubbard, Fred Hubbard and Richard Burnett, a quantity of lumber and other building materials, which they used in the construction of said houses. It does not appear that any particular quantity, or part of the lumber or materials was furnished for any particular house or houses, but that it was all furnished together and used by the contractors, or those working for them, as necessary in the construction of all the houses, about equal parts or quantities being used in each house. For the materials thus furnished, notice was filed of an intention to hold a lien on each of the houses. The appellees Jonas A. Hartzell and Robert B. Hartzell were employed by the contractors to plaster the houses, and the appellee George Heffner to do the finishing carpenter work in their construction and completion. Notices of their intention to hold liens for the work done by them were also filed. Three separate actions were in-

stituted in the court below, one by Hubbard, Hubbard, and Burnett, another by Hartzell and Hartzell, and the third by Heffner against all of the appellants, asking personal judgment against Jensen and Huckle and a foreclosure against the others. The three actions, by agreement of the parties, were consolidated and tried as one, all of the appellees recovering against the appellants Jensen and Huckle, while the appellees Hubbard, Hubbard, and Burnett, alone were granted a foreclosure.

It is insisted, on behalf of the appellants Manor, Krohn, and Maitlen, that neither paragraph of the complaint of the appellees Hubbard, Hubbard, and Burnett, states a cause of action, for the reason, as counsel say, that "there is no averment that the materials sued for were furnished for the appellants' building."

It seems to be settled, in this State, that in an action by a materialman, to recover for materials furnished to a contractor, it must appear, not only that they were furnished, but also that they were used in the construction of the building against which a lien is to be enforced in payment therefor. In *Jones* v. *Hall*, 9 Ind. App. 458, this court says: "It is not enough that the materials were purchased by the contractor, and actually used in the building. It is necessary that they should have been furnished for the building. The question is not an open one, but has been adjudicated, and the adjudication acquiesced in for years. *City of Crawfordsville* v. *Barr*, 45 Ind. 258; *Hill* v. *Braden, supra* [54 Ind. 72]; *Hill* v. *Ryan*, 54 Ind. 118; *Crawford* v. *Crockett*, 55 Ind. 220 ; *Talbott* v. *Goddard*, 55 Ind. 496 ; *City of Crawfordsville* v. *Brundage*, 57 Ind. 477 ; *Hill* v. *Sloan*, 59 Ind. 181 ; *Lawton* v. *Case*, 73 Ind. 60." The same general doctrine is announced in *Clark* v. *Huey*, 12 Ind. App. 224 , *Farrell*

v. *LaFayette Lumber & Mfg. Co.*, 12 Ind. App. 326;
*Neely* v. *Searight*, 113 Ind. 316.

In each paragraph of the complaint of Hubbard,
Hubbard, and Burnett, it is alleged, in substantially
the same language, that the appellants Jensen and
Huckle purchased of the plaintiff "certain building
materials, consisting of lumber, dimension stuff,
shingles, doors, sash, glass and plastering lath,"
which were delivered at the "building for the purpose
of being used in the erection and construction of the
same, and were used in the construction of said
building." We think each paragraph of the complaint
is good in this respect.

Upon the trial, the court, at the request of the ap-
pellants, made a special finding of facts, with con-
clusions of law thereon. To the conclusions of law
the appellants Manor, Krohn, and Maitlen excepted.

The appellants insist that the facts found are in-
sufficient to sustain the court's conclusions of law
thereon, for several reasons, namely: "(1) Because it
appears therefrom that a quantity of lumber, doors,
sash, lath, etc., were sold to the contractors to be
used by them in a number of houses, each situated
upon a different lot, and that there is no finding as to
how much was furnished or used for each particular
house. (2) That upon the bill for the material fur-
nished, several payments had been made, but the
finding does not show to which particular house or
houses, or to which identical items of the account, it
was applied. (3) That there is no finding that the ma-
terials, or any particular part thereof, were furnished
for any particular house. (4) That there is no finding
that the material was either furnished or used in the
construction of these buildings."

The finding of facts is too long to set out in this
opinion. We have undertaken, in the light of the

brief of counsel for the appellants, to examine the findings with reference to each and all of the objections urged against their sufficiency, and believe they are ample in every respect.  It is found that of the materials furnished by the appellees Hubbard, Hubbard, and Burnett, an itemized statement of which was filed with their complaint, $182.62 worth was furnished for each of a certain number of the houses; that payments had been made which should be applied in the proportion of $64.22 to each house, leaving a balance due for material furnished for each of said houses of $118.40, which sum was due on account of and chargeable to each house.  Each house and lot, against which the court found there was a charge, was designated in the finding.  As to other houses and lots, other sums were found, which need not be specially stated.

It does appear clearly, from the findings, that the appellees Hubbard, Hubbard, and Burnett, did furnish a quantity of lumber and other building material, which was used in the construction of the houses built by said contractors, Jensen and Huckle, for appellants Manor, Krohn and Maitlen; that, in the construction of a number of the houses, there was furnished and used material of the value of $182.62, while in others more than that amount was used.  Of the amount paid on account of such materials, the court applied, as credit, one-sixteenth part of the amount due on account of each house, sixteen houses all told being the number constructed, and for which such materials were furnished.  As to whether or not the evidence warranted the findings made by the court, we are not called upon to decide.  But we do think that the facts found by the court are sufficient to sustain the judgment.  The consolidation and trial of the three separate actions as one, has a tendency to con-

fuse, and, in some respects, on account thereof, the record is indefinite and uncertain; but, for all that, we think that the facts found by the court are sufficiently clear and definite to warrant and sustain the judgment rendered.

The case of *Clark* v. *Huey, supra,* was, in its facts, very similar to the case in hand, and the same questions here presented were urged there, and decided against the appellants.

As to the question of costs, it was proper for the court to apportion them, making each house liable for its proportionate share.

We find no reversible error in the record.

Judgment affirmed.

Lotz, J., did not participate.

Filed May 12, 1896.