### MILLER *v.* FOSDICK ET AL.

[No. 3,370.    Filed February 20, 1901.]

MECHANICS' LIENS. — *Materials Furnished for Building.* — In order to entitle plaintiff to the foreclosure of a mechanic's lien for building materials furnished to a contractor and used in defendant's building, it must appear that such materials were specially furnished for the particular building against which it is sought to enforce the lien, and to be used therein; and if the special finding fails to show this fact, defendant is entitled to judgment.

From the Steuben Circuit Court. *Affirmed.*

*F. M. Powers* and *Cyrus Cline,* for appellant.

*J. E. Rose* and *J. H. Rose,* for appellees.

BLACK, J.—The appellant was the plaintiff, and the appellees, Elizabeth H. Fosdick and William M. Carr, were defendants, and the appellee Fosdick recovered judgment for costs against the appellant. No judgment was rendered either for or against the appellee Carr, who was defaulted. It was a suit to foreclose a material-man's lien, and the correctness of the court's conclusions of law upon the facts stated in a special finding is questioned.

It will not suffice for the enforcement of a material-man's lien to make it appear that the materials were furnished to a contractor or to the owner and were purchased for and in fact used in the construction or the repairing of a particular building, but it must appear, pursuant to the statute, that the materials were specially furnished for the particular building on which it is sought to enforce the lien, and

to be used therein.  This has been held many times by our courts.  *City of Crawfordsville* v. *Barr,* 45 Ind. 258; *Hill* v. *Braden,* 54 Ind. 72 ; *Crawford* v. *Crockett,* 55 Ind. 220; *Talbott* v. *Goddard,* 55 Ind. 496 ; *City of Crawfordsville* v. *Brundage,* 57 Ind. 262; *Hill* v. *Sloan,* 59 Ind. 181; *Lawton* v. *Case,* 73 Ind. 60; *Neeley* v. *Searight,* 113 Ind. 316; *Smith* v. *Newbauer,* 144 Ind. 95; *Jones* v. *Hall,* 9 Ind. App. 458; *Leeper* v. *Myers,* 10 Ind. App. 314; *Manor* v. *Heffner,* 15 Ind. App. 299 ; *Caulfield* v. *Polk,* 17 Ind. App. 429.

The special finding shows that the materials, consisting of lumber, for which it was sought to enforce a lien, were by the appellant sold to the defendant Carr and charged to him, and were by him purchased for use in the construction of a building, and were so used, but it is not stated that they were furnished by the appellant for the particular building on which it was sought to enforce the lien.  .Indeed, it is not stated that the appellant knew the particular purpose for which the lumber was purchased, or that he had any information of an intention on the part of any one to construct or to repair any building.  There is no pretense that there was any personal liability of the appellee Fosdick, and in view of the failure to show that the materials were furnished for the particular building, it must be held that the finding did not show sufficient facts to subject her interest in the real estate to a lien.

Other questions are learnedly argued by counsel for the appellant, which we deem it unnecessary to enter upon, inasmuch as the judgment must be affirmed for the want of a finding of the necessary fact, the omission of which we have mentioned, the burden of which was upon the appellant.

Judgment affirmed.