PURITAN ENGINEERING CORPORATION *v.* ROBINSON, TRUSTEE, ET AL.

[No. 25,721. Filed June 28, 1934.]

*Carl Wilde* and *Chase Harding,* for appellant.

*Fenton, Steers, Beasley & Klee* and *Herman Kothe,* for appellees.

FANSLER, J.—Appellant brought this suit below against appellee, Chester L. Robinson, Trustee for Robert H. Shelhorn, and the other appellees, holders of mortgages, to foreclose liens for material furnished in the construction of a large number of houses.

There was an agreed statement of facts, which was adopted by the court as a special finding, upon which conclusions of law were stated, to the effect that appellant had no lien. Appellant excepted, and asserts that the conclusions are erroneous.

It appears from the special findings that Shelhorn was engaged in the business of building dwelling houses. Generally he built them upon lots, title to which he had acquired for that purpose, with a view to selling them immediately upon completion, but he also built houses for others upon their own land. He maintained a central depot or warehouse which he used for storing machinery and equipment, and manufacturing building material. He carried a line of builders' supplies, and engaged to some extent in the sale of such building supplies, and his own manufactured products, at retail.

Appellant manufactured and sold water softeners, and from time to time sold single softeners to Shelhorn for installation in particular houses which he was constructing.

On September 10, 1926, Shelhorn entered into a contract with appellant for the purchase of fifty water softeners to be delivered f. o. b. cars at Crawfordsville, Indiana, at a price of $77.00 each. The contract was on appellant's printed order form, and contained a provision that it covered all agreements between the parties relative to the transaction. It refers to the aricles sold as "goods." It provides that title shall not pass to the purchaser until the purchase price is paid in full. At the time the contract was made Shelhorn was engaged in building a number of houses upon his own property,

and had in prospect some building for others. There is nothing in the contract indicating that the softeners were furnished.for any particular purpose, or for installation in any building being constructed, or to be constructed, by Shelhorn, either for himself or for others. Several shipments were made aggregating thirty-five water softeners, all of which were installed in various houses being constructed by Shelhorn. The last fifteen were never shipped. On November 2, 1926, Shelhorn paid $770.00 on the contract price, which was applied as payment on the first ten softeners shipped. No further shipments were made. Within sixty days of the last shipment appellant filed twenty-five separate notices of mechanics' liens for $77.00 each, upon twenty-five separate lots upon which Shelhorn had constructed houses and installed twenty-five of the water softeners in question.

The mechanics' lien statute, being in derogation of the common law, will be strictly construed to ascertain who are within its provisions, and the burden is upon one asserting a lien to bring himself within its provisions. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 86 N. E. 837; *Ward* v. *Yarnelle* (1910), 173 Ind. 535, 91 N. E. 7.

As pointed out above, the written contract, by express provision, contained all of the agreements and understandings of the parties concerning the subject matter. There is no provision of any kind indicating the purposes to which the water softeners were to be put, or the manner in which they were to be used. Under the contract, the purchaser was at perfect liberty to sell them at retail, or to other building contractors, or to use them himself in buildings of his own, or in buildings which he may have been constructing for others. There is nothing in the contract to indicate that appellant contemplated the possibility

of a mechanic's lien as security for the contract price of the water softeners. In the contract appellant reserved title to the softeners until they were paid for. This seems inconsistent with an intention that they were to be used in specific buildings, on specific lots, against which appellant had the assurance of a lien by filing notice within sixty days.

"A materialman claiming a lien must ordinarily show that his materials were furnished for and were actually used in the erection, alteration or repair of the building against which the lien is asserted." *Potter Mfg. Co.* v. *A. B. Meyer & Co., supra.*

It is not sufficient to show that the material was furnished to the contractor or owner and used in the building. *Crawford* v. *Crockett* (1876), 55 Ind. 220; *Hill* v. *Braden* (1876), 54 Ind. 72; *Farrell* v. *Lafayette, etc., Co.* (1895), 12 Ind. App. 326, 40 N. E. 25; *Miller* v. *Fosdick* (1901), 26 Ind. App. 293, 59 N. E. 488.

Appellant failed to show that the water softeners were furnished for the property against which the liens are claimed. The court correctly held that it was not entitled to a lien.

Judgment affirmed.