WYMER AND KEOUGH D/B/A HILLTOP CONSTRUCTION CO. ET AL. *v.* HARRISON SHEET STEEL COMPANY, ETC., ET AL.

[No. 18,482. Filed December 29, 1954.]

*Edgar J. Call, Dean J. Call, Call & Call,* of Gary, for appellants.

*Albert H. Gavit* and *Harry Rubin, Rubin & Rubin,* of Gary, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action by the appellee, Harrison Sheet Steel Company, doing business as Harrison Steel Cabinet Company, a corporation, against the appellants, George Thompson and Catherine Thompson, his wife, and Edward W. Keough and Ralph Wymer, doing business as Hilltop Construction Company, for the foreclosure of a mechanics lien.

Issues were formed on the usual complaint for foreclosure of a mechanics lien and asking for judgment of foreclosure and attorney fees. To the complaint the appellants filed answer in denial. The cause was tried by the court and the court found and entered judgment for the appellee, Harrison Sheet Steel Company, doing

business as Harrison Steel Cabinet Company, for the sum of $161.38 and attorney fees.

Appellants filed a motion for a new trial, which was overruled by the court, and this appeal followed. Grounds of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence, the decision of the court is contrary to law, and that there is error in the assessment of the amount of the recovery in this, the amount is too large.

Sole error assigned for reversal is the overruling of appellants' motion for a new trial.

The testimony of the various witnesses was in sharp conflict. However, from the evidence adduced at the trial, and the reasonable inferences to be drawn therefrom, the following facts appear:

That the owners of the real estate in question, Thompson and wife, contracted with Wymer and Keough, doing business as Hilltop Construction Company, to construct a house, and Wymer and Keough in turn hired one William Zeller to build the house in question. William Zeller testified that he was an employee of the Hilltop Construction Company, was a carpenter, that he secured a building permit, and procured a construction sheet and plans from the Hilltop Construction Company for the building of the house in question. A witness for plaintiff, Edwin Levy, the sales representative for appellee, Harrison Company, in answer to a question by the court as to whether he knew where the cabinets were going, stated, "That was one of the destinations for one of the units." He also testified that Mr. Keough directed him to Mr. Zeller; that Mr. Zeller placed orders with the plaintiff for a number of Harrison cabinets which were delivered to Mr. Zeller on orders placed by him for ten homes at a time. From his testimony there appears to be some

confusion as to the destination of the cabinets. The court asked him if he knew what house they were going to, and his answer was, "Most of the houses, yes." Zeller testified that his last shipment of Harrison cabinets was received September 14th or 15th, 1951, and that the cabinets received in the September shipment went into this Thompson home, consisting of two 36-inch cabinets, two 15-inch cabinets, one 24-inch cabinet, and a 54-inch sink. Zeller also testified that these cabinets were installed in the week of September 19th. The evidence shows that a mechanics lien was recorded October 26, 1951, which was within the sixty days after the date of the installation of such cabinets in the Thompson some.

There is much confusion in the evidence as to the relationship of the parties and as to the facts with reference to the installation of the cabinets in question. However, this court cannot say as a matter of law that there was no substantial evidence of probative value upon which the trial court could have properly based its judgment for foreclosure of the lien in question, nor that the court was in error in holding that the materials in question were purchased for and used in the building in question.

The appellants rely on *Puritan Engineering Corp.* v. *Robinson, Tr.* (1934), 207 Ind. 58, 191 N. E. 141, in support of their assignments of error. It seems apparent that the facts of the Puritan case are distinguishable from the facts of the case at bar. The court in the Puritan case states:

"There is nothing in the contract indicating that the (water) softeners were furnished for any particular purpose, or for installation in any building being constructed, or to be constructed by Shelhorn (contractor), either for himself or for others." (Our inserts)

In actions for the foreclosure of mechanics liens, the plaintiff must prove first, that it filed its mechanics lien notice within sixty days after furnishing the last of the materials for the building in question. §43-703, Burns' 1952 Replacement; *Miller* v. *Fosdick* (1901), 26 Ind. App. 293, 59 N. E. 488. From the evidence cited in this opinion, that appears to have been done in the instant case. Secondly, it must be shown that plaintiff furnished the material for use in the particular building on which the lien is sought to be foreclosed. *Jones* v. *Hall* (1894), 9 Ind. App. 458, 35 N. E. 923, 37 N. E. 25; *Miller* v. *Fosdick, supra.*

In the instant case there appears to be a chain of delivery from the appellee company to the installation in the Thompson home to justify the judgment of the trial court that the materials were sold to be used for the building in question. The evidence is sufficient to have justified the trial court in holding that the plaintiff-appellee furnished the material for use in the Thompson home on which the lien was sought to be foreclosed.

Appellants' further specification of error is as to the amount of recovery, which is claimed to be excessive. There was sufficient evidence in the testimony of Levy and Zeller from which the trial court might have properly concluded that the units installed in the Thompson home were worth the sum of $161.38, the amount allowed by the court in its judgment.

For the reasons given herein the lower court did not err in overruling appellants' motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 123 N. E. 2d 241.