### JAMES M. ROBBINS *vs.* JOHN BLEVINS.

A mechanic, employed by a contractor to furnish both labor and materials on a building, has a lien for the labor only, if he has not notified the owner of the building of his intention to claim a lien for the materials, as required by the Gen. Sts. *c.* 150, § 2.

WRIT OF REVIEW to reverse a judgment rendered against the plaintiff in review upon a petition brought by the defendant in review to enforce a lien under the Gen. Sts. *c.* 150.

At the trial in the superior court, before *Rockwell*, J., it appeared that Thomas Marvin took a contract to construct a block of houses for the plaintiff in review, employed the defendant in review to do the slating, and told the plaintiff in review that he was going to do so; that the plaintiff in review agreed to accept an order to pay the defendant in review when the work was completed, but afterwards declined to accept the order when presented, on the ground that the work was not completed; and that no notice of intention to claim a lien was given by the defendant in review to any one, before furnishing materials.

The judge ruled that the defendant in review could have a lien for labor only, and not for materials. The jury returned a verdict for the defendant in review for $85, and found specially that the value of the materials furnished was $213.

The judge reported the case for the determination of this court; if the above ruling was erroneous the defendant in review "to have judgment for the full amount, otherwise for the labor only."

*I. S. Morse*, for the defendant in review.

*B. F. Jacobs*, for the plaintiff in review.

BY THE COURT. The ruling of the court that there was no lien for materials furnished was in strict conformity to the provisions of the statute, Gen. Sts. c. 150, § 2.* The jury found a verdict for the labor only, under this instruction; and in accordance with the terms of the report there must be

*Judgment on the verdict.*

* "Such lien for materials furnished shall not attach, unless the person furnishing the same, before so doing, gives notice to the owner of the property to be affected by the lien, if such owner is not the purchaser, that he intends to claim such lien."