Neeley *v.* Searight *et al.*

No. 13,156.

## NEELEY *v.* SEARIGHT ET AL.

MECHANIC'S LIEN.—*Complaint to Foreclose.*—*Furnishing Materials for Building.*—A complaint to foreclose a mechanic's lien which avers that the defendant employed a named person to erect a dwelling-house upon a particularly described lot, that the contractor procured certain materials from the plaintiffs to be used in the erection of the dwelling-house, that they were so used, and that the plaintiffs notified the defendant that they were furnishing them, sufficiently shows that the materials were furnished for and used in the erection of the house.

SAME.—*Married Woman.*—*Improvements by Order of Husband.*—To such a complaint, an answer by the defendant that she was a married woman at the time the improvements were made on her lot, and that they were made by order of her husband, without her consent in writing, is bad.

SAME.—*Materials Furnished to Contractor.*—It is not necessary, in order that a lien may be acquired for materials furnished, that the materials should be furnished under a contract immediately with the owner or his agent; but, if the notice required by statute be given, it is sufficient if they are furnished to a contractor.

SAME.—*Contractor's Implied Authority.*—Where the owner makes an agreement with a contractor for the erection or repair of a building, the latter is thereby given authority to procure such materials and employ such subcontractors and agents as may be necessary to accomplish the work.

SAME.—*Notice to Owner that Materials are Being Furnished.*—*Requirements of.*—The notice required by section 5 of the act of March 6th, 1883 (Acts of 1883, p. 140), to be given to the owner or his agent that work is being done for or that materials are being furnished to the contractor, may be by parol, but it must be such an affirmative act or declaration as will put the owner on his guard.

SAME.—*Notice by Matter in Pais.*—Mere personal knowledge of the owner, obtained by matter *in pais*, that persons are performing labor for or furnishing materials to the contractor, does not supply the statutory notice upon which a mechanic's lien may be predicated.

SAME.—*Notice of Intention to Hold Lien.*—*Itemized Account.*—It is not necessary that the notice filed in the recorder's office of an intention to hold a lien should contain an itemized statement of the account; but it is sufficient if there is a statement of the specific amount for which the lien is claimed.

From the Montgomery Circuit Court.

*N. P. H. Proctor*, for appellant.
*M. W. Bruner*, for appellees.

MITCHELL, C. J.—This appeal involves the regularity of a proceeding to foreclose a mechanic's lien which Searight & Co., plaintiffs below, are alleged to have acquired upon the real property of Martha E. Neeley, in pursuance of the statute concerning liens of mechanics, laborers and material men, approved March 6th, 1883. Acts of 1883, p. 140. There was a decree in the court below enforcing the lien.

The complaint is assailed because it does not show, so the appellant contends, that the materials, for the price of which the plaintiffs below claimed a lien, had been furnished by them *for* the erection of the house mentioned in the complaint.

While the averments in that regard are not as direct and specific as they might have been, they are nevertheless sufficient.

Relevant to that subject, the averments are to the effect that in the year 1883 the defendant, Mrs. Neeley, employed William D. Gault to erect a dwelling-house and other structures for her on her lot, which is particularly described, and that Gault procured from the plaintiffs certain materials to be used in the erection of the dwelling-house, and that the materials so procured were thus used.

It is averred further that the plaintiffs, at and before they furnished the materials to the contractor, notified the defendant that they were furnishing them.

Taking these averments all together, and the inference necessarily arises that the materials were furnished for, and used in, the erection of the dwelling. *Lawton* v. *Case*, 73 Ind. 60.

The second proposition upon which a reversal is urged is that the complaint is insufficient, because, as has already been seen, it avers that Mrs. Neeley employed Gault to erect the house for her, and that the plaintiffs furnished the materials, for which they are seeking to enforce a lien against the defendant's lot, to Gault, and not upon any contract with the

defendant or her duly authorized agent; hence, it is said, under section 2 of the act of March 6th, 1883, the lien does not extend to Mrs. Neeley's interest in the lot.

Section 1 of the above mentioned act declares, in effect, that mechanics, and all persons performing labor or furnishing material for erecting or repairing any house or other building, may have a lien on the house or building erected or repaired, and also upon the interest of the owner of the lot or land on which the building stands, to the extent of the value of any labor done or materials furnished.

Section 2 limits the lien thus provided for, and reads as follows: "Such lien shall not extend to the interest of the owner in the lot or land, unless the contract was with such owner or his authorized agent; and when the contract is made with the tenant alone, the lien shall only extend to the amount of his interest in such lot or land."

Sections 3 and 4 make provision for giving and recording notice of the intention to hold a lien, and of the effect thereof.

Section 5 provides as follows: " To enable the mechanic or other person furnishing materials or performing labor, as above provided, to a contractor, to acquire such lien, he must at or before the time he furnishes the material or performs the labor, notify the owner or his agent that he is furnishing the materials or performing the work for the contractor."

While it may be taken as settled that the right to acquire a lien under the mechanic's lien law grows out of the fact of materials furnished or labor performed under a contract with the owner or his agent, it does not follow that the owner must have contracted with each particular laborer or material man, in order that each may acquire a lien under the statute. The building must be erected by the authority and direction of the owner of the land. Something more than mere inactive consent on the owner's part is necessary in order that a lien may be acquired as against him, and unless the owner or his agent has entered into a contract, either express or implied, with some one, for the doing of the work, his or her

interest can not be bound by the assertion of a lien. *Hopkins* v. *Hudson,* 107 Ind. 191, and cases cited ; *Colter* v. *Frese,* 45 Ind. 96 ; *Miller* v. *Hollingsworth,* 33 Iowa, 224 ; *Cornell* v. *Barney,* 94 N. Y. 394.

Where the owner makes an agreement with a contractor for the erection or repair of a building, contemplated by the statute, the contractor, by necessary implication, is thereby given authority to procure such materials, and employ such subcontractors and agents, as are necessary to accomplish the work. The law implies the consent of the owner that the contractor should take such steps toward the completion of the work as the necessities of the occasion demand. *Parker* v. *Bell,* 7 Gray, 429 ; *Weeks* v. *Walcott,* 15 Gray, 54 ; *Clark* v. *Kingsley,* 8 Allen, 543 ; Phillips Mech. Liens, sections 52, 65 ; Overton Liens, section 564.

If the person performing labor or furnishing materials to the contractor notify the owner or his agent, at or before the time he performs the labor or furnishes the materials, that he is furnishing materials or performing work for the contractor, and afterwards files written notice of his intention to hold a lien as provided by the statute, the lien attaches by operation of law. By this means persons who perform labor or furnish materials which enter into the construction or repair of buildings, and enhance the value of the owner's property, are afforded the opportunity of protecting themselves, without detriment to the owner, by securing a lien upon the property which is being improved by their labor and materials, under the authority and by the direction of the owner.

The notice required to be given at or before the time the labor is performed or materials furnished may be by parol. *Vinton* v. *Builders, etc., Ass'n,* 109 Ind. 351. The purpose of this notice is to enable the owner to take such steps for his own protection as he may deem prudent and necessary, under the terms of his contract with the contractor, so as not to be compelled to pay twice for the same benefit or im-

provement. *Gibson* v. *Lenane,* 94 N. Y. 183; *Stewart* v. *Wright,* 52 Iowa, 335; *Gilchrist* v. *Anderson,* 59 Iowa, 274.

It follows from what has preceded, that the complaint was not demurrable because it appeared therein that the materials for which the lien was claimed were furnished to a contractor, and not upon a contract immediately with the owner or his agent.

It is claimed further, that the lien did not become effectual because the notice filed in the recorder's office, a copy of which is set out in the complaint, did not embrace an itemized statement of the account upon which the alleged lien was founded. The written notice contained a statement of the specific amount for which a lien was claimed. It was not necessary that there should have been an itemized statement of the account. *Peck* v. *Hensley,* 21 Ind. 344; *Schneider* v. *Kolthoff,* 59 Ind. 568.

The record shows that an itemized account was filed as an exhibit with the complaint. There was no error in overruling the demurrer to the complaint.

The second paragraph of Mrs. Neeley's separate answer, to which the court sustained a demurrer, set up, in substance, that she was a married woman at the time the improvements were made on her lot, and that they were made by order of her husband, without her consent thereto in writing.

If the above answer set up anything in the nature of a defence, it was nothing but what could have been proved under the general denial. The facts pleaded, however, fall far short of constituting a defence. The complaint proceeded upon the theory that Mrs. Neeley had employed Gault to furnish the materials and erect a house on her lot. By way of confession and avoidance of the complaint, the answer sets up, in effect, that the improvement was made by order of the defendant's husband, and without her consent in writing. That was no sufficient answer.

Finally, it is insisted that the evidence fails to show that the plaintiffs notified the defendant or her agent, at or before

the time of furnishing the materials, that they were furnish-ing the materials to the contractor.

Without setting out the evidence in any detail, it is suffi-cient to say it shows beyond doubt that both Mrs. Neeley and her husband had knowledge that the plaintiffs were furnish-ing materials for, and doing work in connection with, the building.

It may be inferred that the defendant's husband, who, un-der the evidence, may well have been regarded as her agent, was present when the contractor and one of the plaintiffs arranged for some of the work and material. Both Mrs. Neeley and her husband saw the plaintiffs' workmen engaged in the work on the house. There is, however, no testimony whatever showing that the plaintiffs " notified " the appellant or her agent that they were performing work for and furnish-ing materials to Gault, the contractor, unless the fact that the appellant and her husband acquired knowledge by matter *in pais* that Gault was obtaining materials from them, and that they were performing labor, can be accepted as such notifica-tion as the statute contemplates. To so hold would disap-point the purpose of the statute, and fritter away its bene-ficial provisions.

It seems clear beyond question, that to enable persons who perform labor for or furnish materials to a contractor to as-sert a lien against the interest of the owner, with whom they stand in no direct personal privity of contract, something more is required than that the person asserting the lien should be able to show knowledge on the part of the owner or his agent that the labor was being performed or the materials furnished by him.

The section of the statute under consideration puts a lim-itation or condition upon the right of persons who furnish materials or perform labor for a contractor to acquire a lien on the owner's property. The statutory limitation or condi-tion which enables persons thus situate to acquire a lien con-

fines it to those who "notify the owner or his agent," at or before the time of furnishing the materials or performing the work, that they are furnishing materials or performing work for the contractor.

It is a familiar rule, that, where one seeks to avail himself of the benefits of a statute, he must bring himself fairly within its provisions by complying with its terms. The initiatory step in the acquisition of a statutory lien by a material-man who furnishes material to a contractor is to notify the owner or his agent of the fact at or before the time the materials are furnished. Mere personal knowledge of the owner, obtained by matter *in pais*, that persons are performing labor or furnishing materials to the contractor, does not supply a statutory notice upon which the person performing the labor or furnishing the materials can predicate a mechanic's lien on the owner's property.

The provision of the statute which requires those who desire to acquire a lien on the property to notify the owner is a salutary one, not only for the benefit of the owner, but of the laborer and material man as well. In order, therefore, to create the lien, it is a fundamental requirement that the owner be notified as the statute requires, and, while no particular form of notice is prescribed, it must be by some affirmative act or declaration which puts the owner on his guard, or warns him that the initiatory step to the acquisition of a lien is being taken. *Robbins* v. *Blevins*, 109 Mass. 219; Phillips Mech. Liens, section 338.

The conclusion is, that the evidence failed to show that the plaintiffs notified the appellant or her agent in such manner as was necessary to enable them to acquire a lien.

Judgment reversed, with costs.

Filed Feb. 15, 1888.