Caylor *v.* Thorn.

Filed Sept. 25, 1890.

---

No. 14,450.

## CAYLOR *v.* THORN.

MECHANIC'S LIEN.—*Material Man.—Insufficiency of Notice.*—Where a material man, in a conversation with the owner of a building in process of erection, informed the owner that he was furnishing material for the building, he did not thereby give such a notice as is required by statute as a condition precedent to the acquisition of a lien.

SAME.—*Furnishing of Material.—Knowledge of Owner.*—Where one seeks to avail himself of the benefit of a purely statutory right he must bring himself fairly within its provisions by complying with its terms. Mere personal knowledge of the owner that a particular person is furnishing material to the contractor does not supply a statutory notice upon which the person furnishing the materials can predicate a mechanic's lien on the property of the owner.

From the Hamilton Circuit Court.

J. *Stafford* and *T. E. Boyd,* for appellant.

J. R. *Gray* and R. *Collins,* for appellee.

COFFEY, J.—This was an action by the appellant against the appellee to recover for lumber and material furnished and used in the construction of a dwelling-house for the appellee, and to enforce a mechanic's lien.

Upon issues formed the cause was tried by the court, which, at the request of the parties, made a special finding of the facts proven and stated its conclusions of law thereon.

It appears from the special finding of facts in this cause that the appellee was, on the 1st day of September, 1887, the owner of the real estate described in the complaint, and about that date he entered into a contract with one Hayes, by the terms of which Hayes agreed to furnish all the material and erect thereon for the appellee a dwelling-house for the agreed price of seven hundred dollars. The bill of lumber involved in this suit was purchased by Hayes from the appellant and delivered prior to the 15th day of October, 1887. On the 15th day of October, 1887, in a conversation between the appellant and the appellee, the appellant informed the appellee that he was furnishing the lumber for the construction of said dwelling-house. Appellee paid the appellant for all lumber furnished for the building after that date, but refused to pay for lumber furnished before notice that the appellant was furnishing lumber for his house. Appellee had no knowledge that appellant was furnishing lumber for his dwelling prior to the 15th day of October, 1887. Within sixty days after furnishing said material the the appellant filed in the recorder's office, and caused to be recorded, the notice of his intention to hold a material man's lien, set up in the complaint. At the time of filing said notice the appellee was not indebted to the said Hayes in any sum, but had fully paid him.

Upon the facts thus found the court stated as its conclusion of law that the appellant was not entitled to recover, and rendered judgment against him for costs.

The assignment of error calls in question the correctness of this conclusion.

Section 1688, Elliott's Supp., provides that any person furnishing material for the construction of any house may have a lien on the interest of the owner of the land upon which the house may stand, for the value of such material.

Section 1689 provides that "Such lien shall not extend to the interest of the owner in the lot or land, unless the contract was with such owner or his authorized agent; and when

the contract is made with the tenant alone, the lien shall only extend to the amount of his interest in such lot or land."

Section 1690 prescribes the manner in which such lien may be acquired.

Section 1692 is as follows : " To enable the mechanics or other persons furnishing material or performing labor, as above provided, to a contractor, to acquire such lien, he must, at or before the time he furnishes the material or performs the labor, notify the owner or his agent that he is furnishing the materials or performing the work for the contractor."

It is contended by the appellant that the notice received by the appellee on the 15th day of October, 1887, in a conversation with the appellant, was sufficient to enable him to acquire a lien for material already furnished as well as for material furnished thereafter.

On the other hand, it is contended by the appellee that information of the fact that appellant was furnishing material, conveyed in a mere conversation, not indicating that the appellant intended to look to the building, or to the owner thereof, for his pay, was not sufficient to enable the appellant to acquire any lien ; or, at most, he could only acquire a lien for such material as was furnished after the receipt of such information.

It was held by this court in the case of *Vinton* v. *Builders and Manufacturers Ass'n*, 109 Ind. 351, that the notice required by the provisions of section 1692, *supra*, need not be in writing.

The purpose of the notice required by this section is to enable the owner of the property to take such steps for his own protection as he may deem necessary by way of contract with the contractor or otherwise, so as not to be compelled to pay twice for the same improvement.

The notice is a condition precedent to his right to acquire a lien.   The doctrine is well settled that where one seeks to avail himself of the benefit of a purely statutory right, he must bring himself fairly within its provisions by complying

with its terms.    Mere personal knowledge of the owner that a particular person is furnishing material to the contractor does not supply a statutory notice upon which the person furnishing the materials can predicate a mechanic's lien on the property of the owner. *Neeley* v. *Searight,* 113 Ind. 316. In this case it was said by the court : " The provision of the statute which requires those who desire to acquire a lien on the property to notify the owner is a salutary one, not only for the benefit of the owner, but of the laborer and material man as well.    In order, therefore, to create the lien, it is a fundamental requirement that the owner be notified as the statute requires, and, while no particular form of notice is prescribed, it must be by some affirmative act or declaration which puts the owner on his guard, or warns him that the initiatory step to the acquisition of a lien is being taken."

It does not appear by the special finding in this case that the notice to the appellee was sufficient to bring the case within the rule above enunciated.    The burden was upon the appellant to show that he was within the statutory requirements.

The finding is that on the 15th day of October, 1887, in a conversation between the appellant and the appellee, the appellee was informed that the appellant was furnishing material for the building.    There is nothing in the finding from which it can be inferred that such information was of a character to put the appellee on his guard, or to warn him that the initiatory steps to the acquisition of a lien were being taken.    For this reason it does not appear that the appellant ever gave the notice required by the statute as a condition precedent to the acquisition of a lien.    It follows that the court did not err in its conclusion of law.

Judgment affirmed.

Filed Sept. 25, 1890.