Newhouse v. Morgan.

Filed Jan. 8, 1891; petition for a rehearing overruled March 14, 1891.

---

No. 14,536.

## Newhouse v. Morgan.

Mechanic's Lien.—*Notice.*—*Sufficiency of.*—A notice from a material man of his intention to hold a lien "for work and labor done and material furnished by me in the construction and erection of said house, which work and labor done and material furnished was done and furnished by me at your special instance and request," sufficiently shows that the material was furnished for the owner's building.

Same.—A notice to the owner from a material man of his intention to hold a lien is sufficient, whether oral or written, if it puts the owner on his guard, and enables him to take steps to protect himself against loss.

From the Clinton Circuit Court.

*H. C. Sheridan, J. W. Merritt* and *J. Claybaugh,* for appellant.

*F. F. Moore,* for appellee.

ELLIOTT, J.—The allegations of the appellee's complaint are, in substance, these: That on the 30th day of September, 1886, the appellant entered into a contract with William Comley, wherein the latter undertook to erect a dwelling-house upon a lot owned by the former; that on the same day the appellee contracted with Comley to furnish the material for the wood-work of the house; that the appellee did furnish materials under the contract to the value of four hundred and twenty-two dollars; that at the time of furnishing the materials he notified the appellant that he was furnishing them to Comley, and that at the time such notice was given the appellant was indebted to Comley in a sum equal to the appellee's claim; that Comley gave the appellee an order on the appellant for part of the amount due the appellee, but said order was not accepted or paid. It is further alleged that the appellee filed a notice of his intention to hold a lien on the property, and a copy of the notice is filed with the complaint as an exhibit.

We shall consider the objection made to the complaint by the appellant and no other, so that our decision is authoritative upon no other question. The appellant's counsel thus present their point: "The only question presented by the appellant in the court below upon the demurrer was as to the sufficiency of the notice. The court will observe that the notice, in reference to the furnishing of material, is as follows: 'For work and labor done and material furnished by me in the construction and erection of said house, which work and labor done and material furnished was done and furnished by me at your special instance and request.' The complaint is for material furnished to the contractor upon a contract to which the complaint itself shows the owner was not a party, and the appellant insists that a notice is insuffi-

cient unless the same shows that the material was furnished to the contractor, at his instance, for use in the building of the appellant." Granting that this language is sufficient to present an objection, and granting that the objection presented is that the notice does not show that the material was furnished for use in the building of the appellant, we nevertheless think it clear that the point attempted to be made is without strength. All the recitals of the notice must be taken into consideration, and when this is done it fully appears that the material was furnished for the appellant's building. *Neeley* v. *Searight*, 113 Ind. 316. The language employed by the appellant's counsel in stating their point is ambiguous, and it is difficult to determine what the precise point intended to be made is; but yielding them the benefit of all doubt, and stretching to the widest extent the rule respecting the certainty and fullness with which a point must be presented in a brief, we can still find no sufficient reason for giving force to the objection counsel assume that they have interposed to the complaint.

It is contended that the finding of the trial court is not sustained by the evidence; but we are unable to concur with counsel in this view. It is settled by our decisions that a verbal notice to the owner from a material man is sufficient. *Albrecht* v. *C. C. Foster, etc., Co.*, 126 Ind. 318; *Neeley* v. *Searight, supra; Vinton* v. *Builders, etc., Ass'n*, 109 Ind. 351. But while a verbal notice is sufficient it must be such as will fairly inform the owner that the material man intends to hold a lien; it is not sufficient for the latter to inform the owner in a mere casual conversation that he is furnishing material; he must, at least, give the owner such reasonable notice as will put him on his guard, and enable him to take measures to protect himself from loss. *Neeley* v. *Searight, supra; Caylor* v. *Thorn*, 125 Ind. 201. It is, however, not essential that the notice should be given in any precise form of words; it is enough if it conveys to the owner information that the material man intends to hold a lien for his claim.

*Neeley* v. *Searight, supra;* Albrecht v. *C. C. Foster, etc.,* Co., supra. In the case before us there is evidence that the appellant was notified that the material man intended to take a lien upon the property ; hence, the notice was sufficient to put the owner upon his guard, and to suggest to him that he would do well to take steps to protect himself against the lien.

Judgment affirmed.

Filed Jan. 13, 1891 ; petition for a rehearing overruled March 14, 1891.