Filed April 20, 1892.

———◆———

No. 15,471.

QUAACK *v.* SCHMID ET AL.

MECHANIC'S LIEN.—*Furnishing Material.—Notice.—Sufficiency of.*—The notice required under section 1692, Elliott's Supplement (now repealed), to enable a person furnishing material to acquire a lien, need not be in writing. Mere information to the owner of a building that one is furnishing material to be used in its construction, or his personal knowledge of that fact alone, however acquired, is not sufficient ground upon which to base a lien. There must be some affirmative act or statement that will reasonably tend to put the owner upon his guard and afford him an opportunity to protect himself from loss.

SAME.—*When Notice Must be Given.*—Where the material is, like brick, of such a nature that it may be used as fast as delivered, if notice is delayed until it has in fact been worked into and become a part of the structure, it is too late. A notice given after that time is not given at

the time of the delivery of the material. A notice given, however, while the delivery of the entire number of brick contracted for was in progress would be good as to the portion of the brick not then used, although delivered before the date of the giving of the notice. COF-FEY, J., dissents.

SAME.—*Complaint.—Party to Whom Notice is Given.—Sufficiency of Averment as to.*—In an action to enforce a mechanic's lien against a church corporation, an averment in the complaint "that during the time the plaintiff was delivering and furnishing the bricks for said purpose, he notified the defendant corporation that he was furnishing the bricks for said structure," is sufficient without averring to what officer or person representing the corporation the notice was given. It is the statement of a fact and not of a legal conclusion.

SAME.—*Description of Property in Notice.*—A description of the property in the recorded notice is sufficient which describes it as follows: "Your church property at the southeast corner of Alabama street and Merrill street, in the city of Indianapolis, Indiana, as well as upon the new church building (house) recently erected thereon by you," although the numbers of the lots and the name of the county are not given. The complaint supplemented this description by averments making it full and specific. See Elliott's Supp., section 1690.

From the Marion Superior Court.

*G. Carter,* for appellant.

*A. F. Denny,* for appellees.

McBRIDE, J.—In the summer of 1888 the appellee, a church corporation, let a contract to one C. Bender to furnish the material for, and erect a church building on real estate owned by the appellee in the city of Indianapolis. Bender sublet to one Wehking the contract for furnishing and laying all brick used in constructing the building. Wehking, in turn, contracted with the appellant to deliver to him, on the ground, one hundred thousand of the brick. After the delivery of seventy-six thousand of the brick the appellant saw John C. Schmid, who was one of the appellee's trustees, and a member of its building committee, and who had, by appellee's authority, a general supervision over the work, and told him that he had a contract with Wehking to furnish one hundred thousand brick for the erection of a building; that he had already delivered seventy-six

thousand of them; that Wehking had not paid him for them; that he did not know whether Wehking would want any more or not; and that he looked to the church to pay him.

At this time sixty-nine thousand of the brick already delivered had been built into the wall, and the remaining seven thousand were lying on the ground.

At this time, also, the appellant did not know but that he was to continue the delivery of the remainder of the one hundred thousand. He did thereafter deliver two thousand more brick, and was then notified by Wehking not to deliver any more, and did not. The seven thousand that were on the ground when the notice was given, with the two thousand afterwards delivered, were all used in the building. The appellant, having, in due time, filed in the recorder's office of the county a proper notice, sought by this suit to foreclose a lien on the church property for the entire seventy-eight thousand brick furnished by him and used. The court below foreclosed his lien for the nine thousand brick, but refused to foreclose it for any of the brick that had been laid in the walls before the notice was given. The appellant contends that this was error.

The appellee by cross-assignment of errors assails the judgment rendered, on the ground that under the facts, which were found specially, the appellant was not entitled to a lien for more than the two thousand brick delivered after the notice. Indeed, the appellee denies the right to any lien whatever, on the ground that the notice to Schmid was not sufficient under the statute.

The appellant rests his claim upon Elliott's Supp., section 1692 (now repealed). The section in question is as follows:

" To enable the mechanics or other persons furnishing material or performing labor, as above provided, to a contractor, to acquire such lien, he must at or before the time he furnishes the material or performs the labor, notify the

owner or his agent that he is furnishing the materials or performing the work for the contractor."

The notice required by this section need not be in writing. *Vinton* v. *Builders, etc., Ass'n,* 109 Ind. 351.

The position of appellant's counsel is, that the contract to deliver the one hundred thousand brick was an entire contract, and that a notice given at any time while the delivery of the entire number was in progress was a notice *at the time* of the delivery. His argument and the illustrations in support of it are plausible, but are more ingenious and skilful than convincing.

This court, in the case of *Neeley* v. *Searight,* 113 Ind. 316, in an opinion by MITCHELL, J., held that the purpose of the notice required by the section of statute in question was to enable the owner to take such steps for his own protection as he might deem prudent and necessary, under the terms of his contract with the contractor, so as not to be compelled to pay twice for the same benefit or improvement.

This purpose would be defeated if the notice might be delayed until after the material was not only delivered but actually used. In our opinion, when the material is, like brick, of such a nature that it may be used as fast as delivered, if notice is delayed until it has in fact been worked into and become a part of the structure, it is too late. A notice given after that time is not given at the time of the delivery of the material. The delivery is complete and a thing of the past when the article delivered has been accepted and used.

With respect to the seven thousand brick not yet used at that time we think a different rule should apply.

Assuming that the delivery was sufficient to vest title in Wehking, and that the appellant could no longer reclaim them, still they were within reach of process against Wehking, and could be seized and sold on execution against him to satisfy his indebtedness to the appellant. But by allowing Wehking to place them in the walls of the church after that

time the appellee aided in, or consented to, an act which placed them effectually beyond the reach of the appellant in any other way than that provided by the statute in question. They thereby became a part of the appellee's real estate. We think there is no injustice in so construing the statute as to hold, as the court below did, that notice given while the delivery of the entire number contracted for was in progress, was in time as to the portion not then used. This disposes of the questions over which the principal controversy has been waged. The appellee, however, on its cross-assignment of errors presents some additional questions.

The complaint contained the following averment: "That during the time plaintiff was delivering and furnishing the said bricks for said purpose, he notified the defendant corporation that he was furnishing the bricks for said structure."

The appellee moved the court to require the appellant to make his complaint more specific by averring to what officer or person representing the corporation the notice was given.

Counsel for the appellee says that the averment, the appellant "notified the defendant corporation," is a statement of a legal conclusion. In our opinion it is the statement of a fact, and is sufficiently full to meet the requirements of good pleading.

If the appellee desired additional or more explicit information relative to the matters which he thus sought to have incorporated into the complaint, he had an efficient means of obtaining it by interrogatories addressed to the plaintiff under section 359, R. S. 1881.

Counsel for the appellee also contend that the court erred in overruling a demurrer to the complaint.

The defects asserted as rendering the complaint fatally defective are: 1st. That above referred to, that the averment of notice is insufficient, and, 2d. That the description of the real estate in the recorded notice is not sufficient. In the recorded notice the property is described as follows: "Your church lot at the southeast corner of Alabama street and

Merrill street, in the city of Indianapolis, Indiana, as well as upon the new church building (house) recently erected thereon by you."

The numbers of the lots are not given, nor is the name of the county given. The complaint supplements this description by averments making it full and specific.

Section 3 of the act of March 3d, 1883, relating to this subject, Elliott's Supp., section 1690, provides that "Any description of the lot or land in a notice of lien will be sufficient, if, from such description or any reference therein, the lot or land can be identified."

In our opinion the description in the notice is sufficient, *McNamee* v. *Rauck*, 128 Ind. 59.

Counsel for the appellee also contends that the oral notice given by the appellant to Schmid was not sufficient.

Mere information to the owner of a building that one is furnishing material to be used in its construction, or his personal knowledge of that fact alone, however acquired, is not sufficient ground upon which to base a lien. *Neeley* v. *Searight, supra; Caylor* v. *Thorn*, 125 Ind. 201; *Newhouse* v. *Morgan*, 127 Ind. 436.

There must be some affirmative act or statement that will reasonably tend to put the owner upon his guard and afford him opportunity to protect himself from loss. *Newhouse* v. *Morgan, supra.*

In the case at bar the court finds that the appellant not only informed Schmid that he was furnishing the brick, but that he informed him that he had not been paid, and that he "looked to the church to pay him." This was sufficient.

We find no error in the record.

Judgment affirmed, with costs.

ELLIOTT, C. J., took no part in the hearing and decision of this case.

Filed Feb. 26, 1892; petition for a rehearing overruled April 20, 1892.

### DISSENTING OPINION.

COFFEY, J.—I dissent from so much of this opinion as holds that the material man may acquire a lien for material furnished the contractor prior to notice to the owner of the building of his intention to acquire such lien.

