NOTE.—Reported in 119 N. E. 31.

---

BRANNUM-KEENE LUMBER COMPANY *v.* COLE ET AL.

[No. 9,582. Filed May 28, 1918.]

1. MECHANICS' LIENS.—*Notice.—Description.—Extrinsic Evidence.* —Imperfect and inaccurate descriptions of property in a mechanic's lien notice may be aided by extrinsic evidence where proper averments appear in the complaint, and any description in such notice is sufficiently certain if the land described can be

identified from it, or any reference therein, when aided by such evidence. p. 672.

2. MECHANICS' LIENS.—*Notice.*—*Description.*—*Certainty.*—In an action to foreclose a mechanic's lien, where the rights of third parties were not involved, a complaint which set forth a notice of a mechanic's lien which showed the section, township, range, county, the acreage, the nature of the building erected thereon and the uses to which it was put, and which further alleged that the land on which the building was constructed was the only land owned by the defendant in that section and that such building was the only building thereon, was sufficient as against a demurrer for want of facts on the ground that the description contained in the notice was not sufficiently certain to permit introduction of extrinsic evidence, the allegations as to description being sufficient to raise a question of fact. p. 673.

3. MECHANICS' LIENS.—*Notice.*—*Description.*—*Statute.*—*Construction.*—Where the only point in dispute between a materialman and the owner of property is relative to the description of the property contained in a mechanic's lien, the statute, §8297 Burns 1914, Acts 1909 p. 295, §3, is to be liberally construed. p. 673.

From Marion Superior Court (100,150); *Linn D. Hay,* Judge.

Action by the Brannum-Keene Lumber Company against Ruth Schuyler Cole and another. From a judgment for the defendants, the plaintiff appeals. *Reversed.*

*William A. Pickens, Linton A. Cox* and *Earl R. Conder,* for appellant.

*Whitcomb & Dowden,* for appellees.

IBACH, C. J.—Suit by appellant against appellees. The complaint avers: The plaintiff in the above entitled cause complains of the defendants, and each of them, and for cause of action says that on April 8, 1914, the defendant Ruth Schuyler Cole was the owner of a part of the east half of section 2, township 16 north, range 3 east, in Marion county, more particularly described as follows: Beginning at a

point which is south 11 degrees and 35 minutes west, 156.7 feet from a point on the north line of the southeast quarter of said section 492.65 feet of the center of said section 2; thence south 11 degrees and 35 minutes west, 812 feet to a point; thence south 78 degrees and 25 minutes east, 335.8 feet to a point; thence south 47 degrees and 54 minutes east, 172.5 feet to a point; thence north 73 degrees and 39 minutes east 187.05 feet to a point; thence south 78 degrees and 25 minutes east, 800 feet to the west bank of White river; thence along the west bank of White river 1065.65 feet to a point, thence north 79 degrees and 32 minutes west, 1300 feet to a point; thence south 11 degrees and 35 minutes west to the place of beginning; that the land so described includes and is in fact the land referred to in said notice of lien heretofore filed and hereinafter specifically set out; that the defendants do not own other land than that first herein described; that the garage herein mentioned was erected on said land and is the only building erected by the defendants on the land owned by them and first herein described. It is then averred that on January 27, 1915, by proper conveyance appellees conveyed such lands to a third party, who in turn on the 29th day of the same month conveyed the same lands to appellees, thereby vesting the title in them as husband and wife, and that they now hold the same as tenants by the entirety. On April 8, 1914, defendant Albert M. Cole entered into a written contract with William Grepp for the construction of a two-story garage on the above described real estate, and that defendant Ruth had knowledge of the execution of said contract, and did consent to and authorize the execution of the same, and while the

garage was being erected she had knowledge thereof, and made no objection thereto, but did consent to and authorize the erection of the garage on the said real estate. Said Grepp was not a dealer in building materials, and defendants knew that he would be obliged to purchase all necessary materials for the building from persons dealing therein. On the —— day of April, 1914, said Grepp contracted with appellants, a copy of which contract is made a part of the complaint, for the furnishing of the materials for use, and to be used, in the erection of said garage to be erected on the above described real estate, and pursuant to said agreement the appellant did furnish for use in said building goods and merchandise to the amount of $764.59, a bill of particulars of which is also filed with the complaint, and that all of said materials were actually used in the construction of said building on said real estate.

A copy of the notice is made a part of the complaint, and, omitting names, is as follows:

"You are hereby notified that Brannum-Keene Lumber Company intends to hold a mechanics' lien on west of White river north part commencing 156.70 feet south and 492.65 feet east of the northwest corner of the southeast quarter section two, township sixteen, range three, Washington township, Marion county, Indiana, containing 36.74 acres, more or less, as well as upon the dwelling and garage recently erected thereon by you for the sum of eight hundred dollars for work and labor done and materials furnished by us in the erection and construction of said house which work and labor done and materials furnished was done and furnished at your special

instance and request and within the last sixty days.

          "Brannum-Keene Lumber Co.,
            By Wm. U. Kingston Att'y."

The notice is shown to have been duly recorded on September 28, 1914. The amount due has not been paid, for which sum and attorney's fees a judgment is demanded and a foreclosure of the lien to satisfy the same.

To this complaint the defendants separately and severally demurred, the ground of the demurrer being that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment rendered against appellant. It was appellees' contention in the court below, and it is here contended in support of the judgment, that the description of the land intended to be covered in the notice of lien is not sufficiently certain to authorize the description to be "designated, improved or supplied by extrinsic evidence."

Admitting that the notice is inaccurate, is the description of the land so defective that it cannot be identified?

The legislature of 1883, for the evident purpose of relieving the apparent strictness of our mechanic's lien statute, as it then existed, with reference to the description of the lands improved by mechanics and materialmen, passed the following amendment: "Any description of the lot or land in a notice of a lien will be sufficient, if from such description or any reference therein, the lot or land can be identified." §8297 Burns 1914, Acts 1909 p. 295, §3.

Since this amendment our courts have uniformly

held that imperfect and inaccurate descriptions of property in a mechanics' lien notice may be 1. aided by extrinsic evidence where proper averments are found in the complaint, and any description of the land in a notice of lien will be sufficiently certain, if from such description, or any reference therein, aided by extrinsic evidence the lot or land can be identified. *Deal* v. *Plass* (1915), 59 Ind. App. 185, 109 N. E. 51; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 36 N. E. 132, 45 Am. St. 218; *McNamee* v. *Rauck* (1891), 128 Ind. 59, 27 N. E. 423. The character of the building and its intended use may be given in evidence to identify the lands mentioned in the notice of lien.

In *Hillyard* v. *Robbins* (1912), 53 Ind. App. 107, 101 N. E. 341, this court said: "It has been expressly held that where the notice refers to a dwelling house, the identification of the building may be used as a means of correcting the description and of showing that no other property answers the description." And in *McNamee* v. *Rauck, supra,* the Supreme Court said: "By rejecting then the false description, we have the lands described by township, range and county. This would not be a sufficient description, but the statute says that if from "any reference" in the notice the land can be identified it will be sufficient. The notice refers to the land, upon which the lien was to be held, as that upon which the house was situate which was built by the appellant for the owner at her request, * * *. It appears also from the complaint that no other property answers the description in the notice, which is said to aid what might otherwise be an insufficient description. * * * We

are of the opinion that, as against the appellants, the notice, when taken in connection with the extrinsic facts averred in the complaint, was sufficient to create a lien.''

The averments of the complaint under consideration show the controversy to be solely between the owners of the lands improved and the material

2. men. The rights of third parties relying upon the record of the notice are not involved. The section, township, range and county are cer

3. tain and definite, as is also the nature of the structure and the uses to which it was to be put. The acreage is certain and the name of the owners, and the facts are also averred that the land on which the building was erected was the only land owned by the appellees in that section, and that such building was the only building erected thereon. There is no dispute upon the proposition that appellant comes within the provisions of the mechanics' lien statute, so that the whole controversy is over the description of the premises. In such cases the statute is to be liberally construed to accomplish the objects and purposes intended by it, which is to grant such a claimant the benefits to which he is entitled thereunder. Therefore the principles of law announced and the authorities cited *supra,* where they have been considered, warrant us in holding that there is enough in the descriptions to enable one who is familiar with the locality to identify the property intended to be described with reasonable certainty. At least, there is enough to require the court to determine the question as one of fact rather than one of law. This is specially true in this case because it is further pleaded

as a fact that the land described in the notice and that described in the complaint is the same.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Note.—Reported in 119 N. E. 721. Failure of description of land in affidavit of claim, effect, 62 L. R. A. 382.