Argued April 27; affirmed June 7; rehearing denied August 1, 1932

EDMISTON ET AL. *v.* KIERSTED ET AL.

(12 P. (2d) 299)

*E. E. Kelly* and *E. C. Kelly,* both of Medford, for appellant.

*George M. Roberts,* of Medford, for respondents.

KELLY, J.  The single question here presented is whether the claim of a materialman, who has not given the vendor the statutory notice of furnishing building material within five days of first delivery thereof, which material was furnished at the instance of the vendee in possession under an executory contract of purchase, is entitled to priority over the vendor's claim for unpaid installments of the purchase price.

On and prior to May 17, 1930, Florence E. Edmiston, one of the plaintiffs herein, was the owner of certain real property.  At all the times mentioned herein, plaintiff, J. E. Edmiston, was the husband of said Florence E. Edmiston.

On said May 17, 1930, said plaintiffs, as vendors, and the defendants, H. W. Kiersted and Anna T. Kiersted, as the vendees, executed a contract wherein plaintiffs agreed to sell and said defendants, Kiersted, agreed to buy said real property.

At the time of the execution of said contract, defendants Kiersted went into possession of said real property.

Defendants Kiersted, while in possession of said real property, ordered certain building material from defendant R. O. Stephenson, doing business as Economy Lumber Company, which was used in alterations and repairs of a building upon said real property.  No notice was given by defendant R. O. Stephenson to plaintiffs, or either of them, that said building material would be or had been furnished.

Defendant Stephenson contends that one who sells real property under an installment purchase contract sustains a relationship to the property in the nature of a mortgage to whom the giving of the statutory

notice of delivery of material is not required as a condition precedent to a materialman's lien. And the equitable lien of a vendor under a contract of sale, where the contract is unrecorded, under section 51-103, Oregon Code 1930, is subsequent to a mechanic's lien. In support of this contention defendant Stephenson cites the case of *Randolph v. Christensen,* 124 Or. 661 (265 P. 797).

Section 51-103, supra, among other things, provides:

"A lien created by this act upon any parcel of land shall be preferred to any lien, mortgage, or other incumbrance    *    *    *    which was unrecorded at the time when said building, structure, or other improvement was commenced, or other materials for the same were commenced to be furnished and placed upon or adjacent to the land"; etc.

In the case at bar, the executory contract of sale executed by plaintiffs and defendants Kiersted, was not recorded at the time defendant Stephenson commenced furnishing the material for which his claim of lien was filed.

If plaintiffs, in the instant case, may be deemed to be in a position similar to that of mortgagees holding an unrecorded mortgage, their lien would be subordinate and secondary to that of defendant Stephenson.

The case of *Randolph v. Christensen,* supra, relied on by defendant Stephenson does not hold that the relationship to the property of the owner of record, who executes a contract of sale, is in the nature of that of a mortgagee. In that case the owner of the property, one Stevens, executed a contract of sale. The vendee named in that contract assigned his interest therein to the Sabbes. The Sabbes executed a second contract of sale. The vendee named in this second contract as-

signed his interest therein. This assignee executed a third contract of sale to Christensen. None of these contracts of purchase and sale were recorded. The holding there is that the Sabbes, who were the assignees of the vendee named in the original contract, were in a position, with respect to the property, similar to that of the holder of an unrecorded mortgage.

Stevens occupied a position in that case similar to the one Mrs. Edmiston holds in the case at bar. As to his liability, this court, speaking through Mr. Justice ROSSMAN, said:

"Stevens was aware of the fact that improvements and repairs were being made upon the premises; he was present almost from the beginning of the work. was informed fully as to the contemplated improvements; and neither remonstrated nor posted notices of nonliability as provided for by section 10194, Oregon Laws; hence, his interest was subjected to the plaintiff's lien."

Actual knowledge of the extent and nature of the improvements is the ground assigned for subjecting the original vendor's interest in the property to the lien there asserted.

In the case at bar, defendant Stephenson calls attention to the testimony, which discloses that, during the negotiations preceding the sale of the property, plaintiff J. E. Edmiston knew that alterations and repairs of the building were contemplated by defendants Kiersted.

On his direct examination, defendant Kiersted was asked:

"Q. Did you have any conversation with Mr. Edmiston or Mrs. Edmiston at the time the alterations were commenced or shortly prior to the time you commenced on the building?"

To which he replied:

"I told him the place wasn't fit for my wife to live in and had to be altered."

He was also asked:

"You informed him you were going to alter it?"

To which he replied:

"Absolutely."

On cross-examination, upon being asked to relate the conversation with Mr. Edmiston regarding using some of the money advanced by the defendant C. & E. Fruit Company, a marketing company of which Mr. Edmiston was manager, to repair the house, H. W. Kiersted testified:

"The conversation was that he asked me about how much money it was going to take and I figured at the time about five or six hundred dollars, and he said, I was spending entirely too much money on it."

We quote from the cross-examination of plaintiff James E. Edmiston:

"Q. You said that you didn't know that the house was being altered at all?

"A. I didn't know the house was being altered until after the work was done.

"Q. Not until after the work was done? A. No.

\* \* \* \* \*

"Q. Now Mr. Edmiston, at the time this $1,000.00 was advanced in June, I will ask you whether or not that was not advanced for the purpose of fixing up the place?

"A. Mr. Enright, I told Mr. Kiersted not once but at least three or four times that I would advance nothing except to care for the fruit as provided in the contract. Certainly it was not advanced for fixing up any of the place. Mr. Kiersted knows that.

"Q. You were out there from time to time were you not?

"A. I was out there, yes, from time to time.

"Q. And during the time you were out there he was having this place fixed up was he?

"A. Mr. Kiersted's work was pretty well over before I saw what he was doing. I then went after him about it and he told me in the presence of my wife several times that all the work he was doing there would cost less than $500.00. I just want, if I may, to recall Mr. Kiersted's attention to the fact that I suggested to him that he move into the house occupied by the superintendent, which was a new house and a good one, and told him that would solve his house problem, if Mrs. Kiersted couldn't live in the house at the front of the place. I refused absolutely to put up money for that purpose.

"Q. You knew that the money was being used for that purpose did you not Mr. Edmiston?

"A. I did not."

■ "Mere knowledge of the owner that a certain person is doing work or furnishing materials does not take the place of the statutory notice." 40 C. J. 164, section 183, note 33, citing: *Quaack v. Schmid*, 131 Ind. 185 (30 N. E. 514); *Newhouse v. Morgan*, 127 Ind. 436, (26 N. E. 158); *Caylor v. Thorn*, 125 Ind. 201 (25 N. E. 217); *Neeley v. Searight*, 113 Ind. 316 (15 N. E. 598); *Merritt v. Hopkins*, 96 Iowa 652 (65 N. W. 1015); *Lounsbury v. Iowa, Etc. R. Co.*, 49 Iowa 255; *Robbins v. Blevins*, 109 Mass. 219; *Norfolk Bldg. Supplies Co. v. Elizabeth City Hospital Co.*, 176 N. C. 87 (97 S. E. 146); *North Dakota Lumber Co. v. Bulger*, 19 N. D. 516 (125 N. W. 883); *Berry v. McAdams*, 93 Tex. 431 (55 S. W. 1112); *Pool v. Sanford*, 52 Tex. 621; *Powers v. Brewer*, 238 Ky. 579 (38 S. W. (2d) 466). As opposed to the doctrine of the text, just quoted, Corpus Juris cites but one case: *Padgitt v. Dallas Brick Etc. Co.*, 51 S. W. 529. This case was decided June 7, 1899, by the court of Civil Appeals of the Third District, Texas. In a later

case certified from said court, the Supreme Court of Texas announced the doctrine of the text in *Berry v. McAdams,* supra.

Defendant Stephenson cites the case of *Dailey v. Cremen,* 80 Or. 183 (156 P. 797). There, this court held that where the owner knew in a general way that improvements and changes were being made in the building it became the duty of such owner to post the statutory notice of disclaimer of liability in order to avoid liability to a lien claimant. After that case was decided, the statute was amended and the following provisions were incorporated thereon:

"Provided, that every person, firm or corporation furnishing material or supplies of any kind to be used in the construction, alteration or repair, either in whole or in part, of any building * * * shall not later than five days after the date of the first delivery, to any contractor or agent, of such material or supplies for which a lien may be claimed, deliver or mail to the owner or reputed owner of the property on, upon or about which said material or supplies are to be used, a notice in writing stating in substance and effect that such person, firm or corporation has commenced to deliver material and supplies for use thereon, with the name of the contractor or agent or other person ordering the same, and that a lien may be claimed for all material and supplies furnished by such person, firm or corporation for use thereon, and no further notice to the owner shall be necessary. No materialmen's lien for material or supplies furnished to the contractor or the agent of any owner or reputed owner shall be enforced unless the above provisions of this act have been complied with." 1917 Session Laws, chap. 196, pp. 274, 275; section 51-101, Oregon Code 1930.

Since the enactment of the foregoing statutory provisions, if waiver thereof or estoppel to assert the same

is relied upon, there must be a stronger showing than the one here presented.

We find no error in the record and the decree of the circuit court is affirmed.

BEAN, C. J., and RAND, J., concur.

ROSSMAN, J., dissenting.

---

ROSSMAN, J. The opinion of the majority holds that an owner's interest can never be subjected to a lien unless the notice mentioned in that part of section 51-101, Oregon Code 1930, quoted in the majority opinion, has been given to the owner. The statute just mentioned makes provision that materialmen must give notice to the owner within five days after their first delivery of material. It seems clear that the purpose of that notice is to apprise the owner of the names of the different materialmen and thus enable him to withhold payment from the general contractor of sufficient sums to cover all indebtedness incurred for material. Our code contains another provision (1923 Session Laws, chap. 132, § 51-104, Oregon Code 1930), enacted for the purpose of subjecting the interest of others than the builder to the lien of contractors, mechanics and materialmen. It is this section of our laws which is applicable to our present suit. It provides:

"Every building, or other improvement mentioned in section 51-101, except improvements made by any person other than the landowner in drilling or boring for oil or gas, constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this act, unless

such owner or person having or claiming an interest therein shall, within three days after he shall have obtained knowledge of the construction, alteration or repair, give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place upon said land, or upon the building or other improvement situated thereon.''

It seems evident that the plain purpose of this law is to subject to mechanics' and materialmen's liens the interest of every claimant to the property when it appears that he ''obtained knowledge of the construction, alteration or repair'' of the building by any means whatsoever and failed to ''give notice that he will not be responsible for the same by posting a notice in writing.'' This section of our laws received application in *Schram v. Manary,* 123 Or. 354 (260 P. 214, 262 P. 263); *Randolph v. Christensen,* 124 Or. 661 (265 P. 797); in decisions which subjected the interest of vendors, who had failed to post notices of nonliability, to the liens of claimants who had performed services in the erection of buildings under the direction of the vendee.

If the decision of the majority held that the vendor had no knowledge of the improvements which were being prosecuted upon his land, I would agree with the prevailing opinion, but, under the circumstances, dissent.