ISBELL LUMBER & COAL COMPANY *v.* THE MARCHESSEAU PLUMBING COMPANY ET AL.

[No. 15,640. Filed December 14, 1937.]

*Carlton T. Olds,* and *Raymer & Raymer,* for appellant.

*William E. Wider,* and *Harmon & Wider,* for appellees.

LAYMON, C. J.—On the 10th day of August, 1927, appellee The Marchesseau Plumbing Company, entered into a contract with appellees Lafayette J. McCutcheon and

Bertha McCutcheon for the plumbing in a dwelling being erected by the McCutcheons upon certain real estate of which they were then the owners, said real estate being described as lot No. 118 in Elliston's First Addition to the city of Elkhart, Indiana. The street number of said dwelling house was 1334 Concord Avenue. On October 19, 1927, the contract was completed. The contract price not having been paid, appellee plumbing company on the 16th day of December, 1927, filed its written notice, in the recorder's office of the county where the real estate was situated, of its intention to hold a lien upon "the following described real estate situated in Elkhart county, state of Indiana, to wit: known as 1334 Concord Avenue in the city of Elkhart and also upon dwelling house recently repaired by us."

Appellees McCutcheon and McCutcheon conveyed said real estate to appellant by a deed executed on October 8, 1927, and recorded on November 23, 1927.

On the 11th day of December, 1928, appellee plumbing company filed its complaint against the remaining appellees and the appellant to foreclose its lien on said real estate. To the complaint each of the remaining appellees, except John G. Munsch who was defaulted, filed a disclaimer. Appellant filed an answer in general denial and a second paragraph alleging that it became the owner of the real estate by warranty deed on the 8th day of October, 1927, by conveyance from appellees McCutcheon and McCutcheon. There was a reply in general denial to this paragraph of answer. The cause was submitted to the court for trial, resulting in a finding and judgment in favor of appellee plumbing company, foreclosing its lien and ordering the real estate sold to satisfy the lien of said appellee and the costs. In due time appellant filed its motion for a new trial which was overruled, and this appeal was perfected. The only error assigned is the ruling on this motion, and

the grounds duly presented in said motion are: That the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; and that the court erred in the admission of certain evidence.

The principal question involved is whether the description of the real estate in the notice of intention to hold a lien was a sufficient description to entitle appellee to a lien on the real estate upon which the materials and labor were furnished.

The statute (§43-703 Burns 1933, §10507 Baldwin's 1934, Acts 1909, p. 295) provides that, "any description of the lot or land in a notice of a lien will be sufficient, if from such description or any reference therein, the lot or land can be identified." The Legislature of 1883, for the evident purpose of relieving the apparent strictness of our mechanics' lien statute as it then existed, with reference to the description of the lands improved by mechanics and materialmen, passed the above amendment to the statute. *Brannum-Keene Lumber Co.* v. *Cole et al.* (1918), 67 Ind. App. 667, 119 N. E. 721.

It is clear, we think, from the language of the statute, that any description by which the property can be identified, is sufficient. The notice described the property in the city of Elkhart, Indiana, by street and by number, and referred to a dwelling house for which labor and materials had recently been furnished. We hold such description sufficient under the statute, and we are not without authority in so doing. In the case of *McNamee* v. *Rauck et al.* (1890), 128 Ind. 59, 61, 27 N. E. 423, the court said: "The rule usually adopted by the courts as standards by which the adequacy of a description, in a notice of lien, is to be tested is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described, with reasonable

certainty to the exclusion of others, it will be sufficient. Phil. Mech. Liens, §379. It has also been held that the same rule applies to the description of lands in notices of an intention to hold a mechanic's or materialman's lien that appertains to descriptions in deeds and mortgages. *White* v. *Stanton,* 111 Ind. 540, 13 N. E. 48." In the case of *Quaack* v. *Schmid et al.* (1891), 131 Ind. 185, 189, 30 N. E. 514, the following description of the property in a notice of a lien was held sufficient by the court: "Your church lot at the southeast corner of Alabama street and Merrill street, in the city of Indianapolis, Indiana, as well as upon the new church building (house) recently erected thereon by you."

Appellant relies upon the cases of *The City of Crawfordsville* v. *Irwin et al.* (1874), 46 Ind. 438, and *Irwin et al.* v. *The City of Crawfordsville* (1880), 72 Ind. 111. These cases lend no support to appellant, due to the fact that the amendment to the statute above referred to was enacted subsequent to these decisions.

Appellant further complains of error in the admission of evidence establishing that the premises described in the notice as 1334 Concord Avenue in the city of Elkhart, Indiana, and the real estate described as lot No. 118 in Elliston's First Addition to the city of Elkhart, Indiana, are, in fact, one and the same parcel of real estate, and asserts that such evidence is not admissible when the rights of third persons are involved. This evidence was not admitted for the purpose of identifying an entirely different tract of real estate nor to aid an imperfect and inaccurate description of property, but could serve only for the purpose of enabling the trial court to decree a foreclosure of the lien. In the instant case both descriptions refer to and designate one and the same parcel of real estate. The notice of the lien having contained a sufficient and accurate description of the premises, the rights of third persons are not

affected by the admission of evidence disclosing the description of the same real estate taken from the city or town plat.

Appellant asserts that in its endeavor to protect itself, it procured an abstract to be certified to date and had it examined by a competent attorney and that the lien of appellee was not disclosed thereby. It is sufficient to say that the failure of an abstract to disclose the lien would not constitute a defense or in any manner relieve appellant from the relief sought in this action. Furthermore, it clearly appears from the evidence that appellant could not have relied upon the abstract to disclose the lien. The notice of the lien was filed on December 16, 1927, within the time allowed by law, and the abstract was certified to November 28, 1927.

There was no error in overruling the motion for a new trial.

Judgment affirmed.